GEORGE McLAUGHLIN *vs.* ANDREW A. REINHART.

*Mechanics' lien—Question whether a clause in a Building contract constituted a Waiver of Lien—Also, whether the Lien was subsequently released—Question of Lien pro tanto, where the work under a Contract is done in part only—Effect of agreement that the Compensation should in part be one of the houses to be built—Apportionment of the Claim upon several houses.*

On a *scire facias* to enforce a mechanics' lien for work done and materials furnished in the erection of certain houses, it appeared that by the written contract between the lienor and the defendant, the former

McLaughlin *vs.* Reinhart.

agreed "that he will execute and deliver to (the defendant) a release from mechanics' liens and claims, all the said thirty-eight houses as soon as they are respectively completed, and ready for occupancy." HELD:

1st. That the contract must receive a reasonable construction, and in the absence of language indicating a purpose under no circumstances to claim a lien, the Court cannot suppose the plaintiff intended to absolutely relinquish the security which the law gave him for his work and material.

2nd. That the contract did not provide that no lien should exist, but that at a particular period which was specially designated, the lien should be released.

3rd. That the fact that the compensation was not all to be rendered in money, but was in part to be one of the houses to be built, interposed no obstacle to the fastening of the lien.

4th. That the evident purpose of the contract was to free each house as it was done from the lien, that by its sale the defendant might be aided in going on with his work. But that meanwhile all the others remained liable for the claim or lien resting on them until they were respectively finished.

The defendant being unable to make his payments as the work progressed, as called for by the contract, negotiations ensued, and the plaintiff retired from the work by the consent of the defendant, with the understanding that he was to be paid for what he had done and furnished. Accordingly, the following paper was handed to him by the defendant which he signed: "Mr. A. A. R. Dear sir: This is to inform you that I cannot fulfil our contract dated seventeenth day of August, 1878. In order that you may make other arrangements to proceed with your buildings, I hereby release you from further liability therein from this date." After this paper was signed, it was agreed that the actual amount due should be ascertained by arbitration, from which the defendant afterwards receded. Then the defendant promised to give the plaintiff four hundred dollars for what had been done, and promised to execute a note in his favor, payable in three months, for that amount. HELD:

1st. That said paper was not a relinquishment by the plaintiff of all claim on the defendant for arrearages of payments due, and the value of what had been done and furnished.

2nd. That said paper, which was not under seal, was to be taken and received in conjunction with the facts under which it was procured,.

McLaughlin *vs.* Reinhart.

and which formed the consideration for it; and with what was done afterwards in pursuance of their understanding.

3rd. That the written agreement was thereby set aside by mutual consent, and the plaintiff was remitted to his claim in money for the value of his work and materials, without reference to a house which under the contract he was to take in part payment.

4th. That there was nothing in the proof to warrant the conclusion that the appellant was by his own fault wholly debarred of any recovery, or that he had lost his lien and could not enforce it *pro tanto* for the work done and materials provided.

5th. That the written contract having been abrogated by consent, the matter stood as if the plaintiff had done all he was to do, and there was nothing to prevent the action being maintained for what was done and furnished.

6th. That no difficulty existed because the lien rested on several houses for work and materials on each. Each house would bear its own burden, to be regulated in the judgment against each house according to the proof.

APPEAL from the Superior Court of Baltimore City.

This is a case of *scire facias* on a mechanics' lien, brought by the appellant against the appellee; a further statement is contained in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER, ROBINSON and IRVING, J.

*B. Rosenheim* and *Thomas G. Hayes*, for the appellant.

*George M. Sharp* and *E. Otis Hinkley*, for the appellee.

IRVING, J., delivered the opinion of the Court.

On the 19th of February, 1879, George McLaughlin, the appellant, filed, against Andrew A. Reinhart, the appellee, a mechanics' lien upon ten houses in Baltimore City, situated on Townsend Street. On the 26th of April, 1879, *scire facias* on this lien was issued, which having

been regularly served, the defendant appeared and pleaded, never indebted, and never promised, and the case proceeded to trial. It was in proof, that on the 17th day of August, 1878, the appellant and appellee entered into a written agreement, containing sundry clauses.

The first clause designated the number of houses and their location, which the appellee proposed to build. The second describes the kind of work the appellant was to do on them, for which he was to "receive in payment one of said houses, situated on Denmead Street, Baltimore County, State of Maryland, at and for the price of three thousand dollars; said house to be subject to a mortgage of fifteen hundred dollars, and an annual ground rent of eighty-five dollars, payable semi-annually." The third clause fixes the price of the labor, and designates the material which McLaughlin was to furnish, and establishes the rate of compensation for it.

The next clause names the time from which the mortgage on the house to be taken in part payment is to bear interest, and from which ground rent is to commence; and establishes the rate of cash payment to be made as the work progressed.

Then follows a clause in the following language, " And the said George McLaughlin agrees that he will execute and deliver to said A. A. Reinhart a release from mechanics' liens and claims of all the said thirty-eight houses as soon as the same are respectively completed, and ready for occupancy; and the said A. A. Reinhart agrees that he will employ the said George McLaughlin to do the work as he may require it, at the prices stipulated, and pay him in the manner specified, and upon the completion of all the said houses to convey to said George McLaughlin one of said houses and lots free and clear from all liens, claims and incumbrances thereon, except the annual ground rent and said mortgage." Then follows a clause providing for past work on the Denmead street houses, to

be accounted for according to the agreement, and also providing that in case less work should be done than was required to pay for the house, that McLaughlin was to do work in the way of grading and paving for Reinhart as he might require it, to make up the difference.

For some time the appellant proceeded with the work, but growing dissatisfied, as the proof discloses, with the lack of promptness on the part of Reinhart in meeting the cash payments stipulated for, indicated a purpose to quit work unless Reinhart would give him security that he would be prompter in his payments. This the appellee declined to do but asked the appellant if he would release him and let him get some body else to do the work provided he paid him for what was done already. To this the appellant assented, and signed the following paper which was presented him, " Mr. A. A. Reinhart, Dear Sir : This is to inform you that I cannot fulfil our contract dated seventeenth day of August, 1878 ; in order that you may make other arrangements to proceed with your buildings, I hereby release you from further liability therein from this date." This paper having been signed they fixed on an arbitration as the mode of settling what was to be paid, and the appellant sent *his* arbitrator out to the place, as agreed, but the appellee did not and never did send his. Subsequently, the appellee proposed to give the appellant four hundred dollars for what was done, and agreed to give a note for the same. at three months, but never did so, and the appellant proceeded on his lien. The appellant testifies, (and there is no other proof but his testimony,) that he was ready and willing to go on with the work if the appellee had complied with his contract ; and that he was stopped from working by order of the appellee, because he said he had not " money to go on for the present." He also testified that the paper he signed releasing Reinhart, was handed him by Reinhart, but he does not know who prepared it. The Court having asked counsel if this was

all their proof on the subject of a new contract, and being answered affirmatively, directed the appellee to offer an instruction that the plaintiff had misconceived his action, and that the remedy by lien did not apply. This instruction was prepared and given, and hence this appeal.

Two questions are presented for our decision, first whether the appellant ever had a mechanics' lien for his work and materials, and if he had, whether he has waived or lost it.

If he never had any lien, but stipulated against one by the contract, as the appellee contends, the judgment must be affirmed; or if he did not stipulate against a lien, but has subsequently so acted as to lose his lien, the judgment must stand. If, on the other hand, he did not stipulate against any lien, and has not by his conduct lost his right of action or waived his lien, the judgment was erroneous.

The lien which the law gives the mechanic or the material man, for labor and materials bestowed or used in the construction of a building, does not depend on the contract of the parties for its existence. It is a purely statutory lien. It pre-supposes a contract express or implied, for labor or material to be done or furnised, which existing, the law affixes a lien to secure the payment of the mechanic or material man, for what is done and furnished. The right to compensation must exist or there can be no lien. *Sodini and Leiter vs. Winter, et al.,* 32 *Md.,* 130.

The first and second sections of the sixty-first Article of the Code gives this lien in most implicit terms, and the third section of the same Article declares as explicitly that no one shall be regarded as waiving the lien by taking notes, giving credit, or taking any security unless the same be received as *payment,* or the lien be expressly waived.

In this case the appellee contends, that the lien has been expressly waived or contracted against; and the learned

McLaughlin *vs.* Reinhart.

Judge who decided the case below seems to have entertained that view. In this opinion we cannot concur. This contract must receive a reasonable construction, and, in the absence of language indicating a purpose under no circumstances to claim the lien which the law gave the appellant to secure the performance by the appellee of his part of the contract, we cannot suppose he intended to absolutely relinquish the security which the law gave him for his work and material. The twenty-third section declares, that "every such debt shall be a lien until after the expiration of six months after the work has been finished, or the materials furnished, although no claim has been filed therefor, but no longer, unless a claim shall be filed at or before the expiration of that period." It is a legal right, a security which by the fifteenth section of the same Article is made superior to a judgment or mortgage resting on the property which bears date subsequent to the attaching of the lien. Being of such a nature it must clearly appear the appellant did not intend to rely on it at all. The contract only stipulates, that "*he will execute* and deliver to (the appellee) a release from mechanics, liens and claims, all the said thirty-eight houses as soon as they are *respectively* completed and ready for occupancy." It does not provide, that no lien shall exist, but that at a particular period, which is specially designated, the lien shall be released. The provision for *future release* is by the strongest implication, saying, that until the period fixed shall come, the lien is to exist as a security that the appellee will perform his part of the contract. There was abundant reason for it. He was agreeing to take one of the houses, at a specified price, in part payment for his work and materials, and a part of his compensation was to be paid in cash as the work progressed. To secure the cash payments, and the completion of the house and its conveyance to him this statutory lien, which the law gave him while the work

was being done and the materials being supplied, was all the guaranty he had that the appellee would keep his promises, save his personal responsibility. The fact that compensation was not all to be rendered in money, but was in part to be one of the houses to be built, interposes no obstacle to the fastening of the lien. *Phillips on Mechanics' Lien*, sec. 129; *Barrows vs. Baughman*, 9 *Mich.*, 213; 4 *Iowa*, 21; 14 *Serg. & R.*, 32; 15 *B. Monroe*, 411. The appellant and appellee knew their respective rights and are presumed to have known the law, and contracted with reference to it. The contract indicates that they did.

It must be observed, that the liens on all the houses were not to be released all at once. Each house was to be released, as it was finished and ready for sale. The evident purpose was to free each house as it was done from the lien, that by its sale the appellee might be aided thereby in going on with his work. Meanwhile all the others remained liable for the claims or lien resting on them until they were respectively finished. No other construction of this contract is compatible with reason. If it had been the intention of the parties, that no lien under any circumstances should be claimed, it would have been very easy to say so. The mode of expression they have adopted, in our opinion excludes that idea. It certainly was not the intention of the parties, that if the appellee should fail in business, and the houses should never be finished, in such case the appellant was to have no lien on the unfinished structures, which would follow them into other hands. In such case surely he would have had his lien. If so, it was not waived by the contract. Having determined that the language of this contract does not warrant an holding that no lien was to be claimed, and the appellant having filed his lien within the six months allowed, it remains to be settled whether he has done any act which prevents his enforcing his lien in the way pursued in this case by *scire facias*.

McLaughlin *vs.* Reinhart.

As has already been seen the appellee took from the appellant a paper releasing him, (the appellee,) from *further liability* under that contract *from that date.* That paper was the result of negotiations between the parties for the appellant to permit the appellee to employ some one else in his stead. For the purposes of this decision, we are bound to regard the testimony of the appellant as giving the true version of the affair, for it is all the proof we have. He says he stopped work by the order of the appellee, because the appellee was out of funds to go on with. He says he objected to going on unless the appellee would pay more punctually according to his engagement. Negotiations ensued and he retired from the work by the consent of the appellee, with the understanding that he was to be paid for what he had done and furnished. The paper which was handed him by the appellee, and which he signed, is only a release of the appellee from further liability from that date under that contract. That was only a waiver of his right under that contract to be employed any longer, and any right to claim one of those houses on account of his work and materials, at the price agreed on in the contract. It was not a relinquishment of all claim on the appellee for arrearages of payments due, and the value of what had been done and furnished. That instrument which is not under seal is to be taken and received in conjunction with the facts under which it was procured, and which formed the consideration for it, and with what was done afterwards, in pursuance of their understanding. It was agreed that payment was to be made as far as the work had been done, and after the paper was signed it was agreed, that the actual amount due should be ascertained by arbitration, from which the appellee afterwards receded. Then the appellee promised to give the appellant four hundred dollars for what had been done, and promised to execute a note payable in three months from date. Thus the written contract was set aside by

mutual consent, and the appellant was remitted to his claim in money for the value of his work and materials, without reference to the house which under the contract he was to take in part payment. The written contract assuming the facts to be true as given by the appellant, was wholly abrogated by the consent of the appellee, and it consequently is out of the case. The lien, if it existed, existed independent of that written contract, and was not waived by it. The paper of the 20th of November, 1878, was only a release of liability under that contract from that date. That paper thus far released no lien, and as we have said did not release any balance due the appellant.

It is a fact in the case, that work was done, and material was furnished for the houses of the appellee. The fact that he was employed to do and furnish, is also undeniable, for it is in proof that there was even a written contract about it, which has been abandoned, so far as its special provisions are concerned. He has his remedy by action of *assumpsit*, for the value of what was done and furnished. This concurrent remedy, the mechanic or material man, has without resort to his lien. His lien is his security, but he is not bound to resort to it. It is an additional statutory remedy, which if resorted to, must be specifically followed.

If there has been a special contract, and the plaintiff has performed a part of it, according to its terms, and has been prevented by the act or *consent* of the defendant, or by the act of the law, from performing the residue, he may in general assumpsit, recover compensation for the work actually performed, and the defendant cannot set up the special contract to defeat him. That being so, no good reason can exist, for refusing him his lien, which existed from the beginning of the work, or the commencement to furnish the materials, and the actual beginning of the building. In this case the lien existed independent

McLaughlin *vs.* Reinhart.

of the contract, and was not abandoned by it. There is nothing in the proof, as we have it, to warrant the conclusion, that the appellant was, by his own fault wholly debarred of any recovery, or that he has lost his lien, and cannot enforce it *pro tanto* for the work done and materials provided. On a new trial, a different state of facts may be proven, which, if the jury find, may relieve the appellee. Had the note which the appellant says the appellee proposed to give him for four hundred dollars for what was due him, been actually executed, unless it appeared it was taken in payment and release of the lien, the statute says the lien shall not be held as waived. All that can be accorded the appellee was, that the appellant agreed to accept the four hundred dollars as the amount due him, and, if he would give a note, agreed to give three months credit; but this the statute says would not work a waiver of the lien. It ranks with judgments and mortgages, and the intention to waive a discharge should be clear, and the act of discharge complete. *Phillips on Mechanics' Lien*, 391 and 418. Acceptance of judgment will not waive it, because it is a security of no higher grade. *Ib.*, 391, and *Crean vs. McFee*, 2 *Miles*, (*Penn.*) 214. The written contract having been abrogated by consent, the matter stands, as if the appellant had done all he was to do, and we see nothing to prevent the action being maintained for what was done and furnished. The inquiry will be how much is due on the lien filed. No difficulty exists, because the lien rests on several houses for work and material on each. Each house will bear its own burden, which would be regulated in the judgment against each house, according to the proof. *Okisco Co. vs. Matthews*, 3 *Md.*, 168; *Code, Art.* 61, *sec.* 30, and *Wilson vs. Merryman*, 48 *Md.*, 340.

For these reasons the judgment will be reversed, and the cause will be remanded for new trial.

*Judgment reversed with costs, and cause remanded.*

(Decided 3rd June, 1880.)