(Decided 19th June, 1890.)

---

GEORGE GUNTHER, and JOHN W. ISAACS *vs.* SAMUEL BENNETT, and FRANK BENNETT, trading as BENNETT BROTHERS.

*Evidence Act—Sec. 2 of Art. 35 of the Code—Mechanics' lien—Art. 63, sec. 19, of the Code—Bill of Particulars— Evidence.*

Section 2 of Article 35, of the Code which provides that "when an original party to a contract * * * * is dead * * * either party may be called as a witness by his opponent, but shall not be admitted to testify on his own offer," applies to a proceeding for the enforcement of a mechanics' lien.

The party seeking to enforce such lien, must prove the contract on which the lien is based, and the performance of it, and where the evidence offered for this purpose is not clear and definite, the contract cannot be enforced.

Where there is a contract to do the work and furnish the materials for a certain consideration, the bill of particulars required by section 19 of Article 63 of the Code, to be filed with the lien claim, need not set forth the amount of the materials furnished, but will be sufficient if it sets out the contract price.

Gunther and Isaacs *vs.* Bennett Brothers.

Evidence offered by the defendants to prove the contents of a lost paper, the existence of which is not altogether certain, and which is not shown to have been signed by the plaintiffs, and the non-production of which is not satisfactorily accounted for, is inadmissible.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBINSON, BRYAN, FOWLER, McSHERRY, and BRISCOE, J.

*J. Fred. Requardt,* *John G. Mitchell, and *James McColgan,* for the appellants.

*George R. Gaither, Jr.,* for the appellees.

FOWLER, J., delivered the opinion of the Court.

The appellees, Samuel and Frank Bennett, copartners, doing business as tinners, dealers in stoves and gas fixtures, contracted sometime in the year 1886 with William H. Yeatman, who was the owner of certain lots of ground on Lexington street, in the City of Baltimore, to furnish the materials, and do certain work appertaining to their business, upon five houses to be erected upon the lots above mentioned. The plaintiffs, now appellees, allege in their bill that, having made the said contract with said Yeatman, they on their part fulfilled all their engagements with him, and that the work agreed to be done was fully completed in the latter part of January, 1887; that in accordance with the statute relating to mechanics' liens, they filed their claim for $520 as a lien against said five buildings; that their lien claim as to three of said houses has been entered "satisfied," and

* Took no part in the argument, although present.

that there was due them $108 on the house first de-scribed in their said claim, and $103 on the house secondly so described; that subsequent to the commencement of said houses, said Yeatman assigned said two houses and lots to two of the defendants, Isaacs and wife, and they conveyed the same by way of mortgage back to said Yeatman, to secure a part of the purchase money; that said mortgage was then assigned by Yeatman to Gun-ther, another defendant; that said Yeatman died in 1887, and his administrators are parties defendant to this suit.

The bill was filed to enforce a mechanics' lien against the said two houses, and was answered by all the defen-dants except five, against whom a decree *pro confesso* was taken on 13th of December, 1888.

There are three questions to be considered: First. Have the appellees proved their claim? Second. Does the bill of particulars filed with the lien claim conform to the requirements of the statute? and, Third, as to the admissibility of the testimony of the witnesses Gun-ther, Isaacs and Fahey, in relation to a paper called "a waiver of liens."

1. As to the proof of claim:

The appellees allege in their bill that they contracted with Yeatman, the owner of the ground, to do certain work, and furnish materials to complete the work agreed to be done by them, and their bill of particulars, filed with their claim, shows that the contract price for both work and materials was $1070.

In order to make out their case, the plaintiffs must prove the contract, and their performance of it. And this they endeavored to do by their own testimony, which is excepted to because Yeatman, the other party to the contract, is dead. We think the exception is well taken, and that the testimony excepted to comes clearly within the spirit and terms of section 2, Article 35 of the Code, which provides that, "when an original party to a con-

Gunther and Isaacs *vs.* Bennett Brothers.

tract * * * is dead, * * * either party may be called as a witness by his opponent, but shall not be admitted to testify on his own offer."

In order to avoid this objection, the appellees contend that this is not a suit on the contract, but that it is a statutory remedy to enforce a statutory lien, which is independent of contract. While it is true the lien is created by statute, and that the remedy here pursued is also statutory, yet in the language of this Court in the case of *McLaughlin vs. Reinhart*, 54 *Md.*, 76, the mechanics' lien law itself "presupposes a contract express or implied, for labor or material to be done or furnished, *which existing*, the law affixes a lien to secure the payment of the mechanic or material man, for what is done and furnished. The right to compensation must exist or there can be no lien." But it is clear the right to compensation rests upon a contract either express or implied. In the case at bar, an express contract is alleged, and the amount claimed to be due for the work and materials furnished is fixed at the sum of $1070, "as per agreement."

We have said in 54 *Md.*, 76, that, the *contract existing*, the lien becomes effective, and it follows that, without a contract of some kind, there can be no lien—otherwise any one might be placed in the position of having his land subjected to lien, without his knowledge, by a wrong-doer. Inasmuch then as there can be no lien without a contract, the contract alleged must be proved, and when proved, it is the contract in issue and on trial.

The term "contract," as used in the statute, means the contract in issue; and the exception excludes only an original party to such contract, who is also a party to the suit, from testifying where the other original party to the contract is dead. *Wright vs. Gilbert*, 51 *Md.*, 157.

The witnesses whose testimony is here excepted to are parties to the contract in issue, and also parties to the

suit, and Yeatman, the other party to the contract is dead. And it follows, of course, that the testimony of the plaintiffs should have been excluded.

And, their testimony being out of the case, we find no satisfactory proof in the record either of the existence of the contract, the doing of the work, or the furnishing of the materials by the appellees.

The answer of the defendants, Isaacs and wife, admits "that roofing, spouting, and some other things were done on the two houses" in question. But how much work was done, what was the value thereof, and what "other things" were done the answer does not disclose—and it expressly disclaims all knowledge of the existence of a contract.

The appellees also rely upon the witnesses James W. Bennett and Joseph B. Hoggar, to prove their case. But, while they both testify that the work was done and materials were furnished, and estimated the value of both, neither of them say that the work was done or materials were furnished by the appellees. And the same remark applies to the witness Isaacs, who is the only other witness relied upon to prove the claim. We conclude that the appellees have failed to prove their case, and the decree must therefore be reversed.

2. But, as the case will be remanded for a new trial, we will next inquire whether the bill of particulars complies with the provisions of the statute. (Art. 63, sec. 19.)

The only objection taken to it by the appellants is, that it does not set forth "the amount of materials furnished." This Court has frequently held that this requirement must be complied with; but where there is a contract, as here, both to do the work and furnish materials for a certain sum, it is not required to do more than set out the contract price, and for the obvious reason that under the contract itself, no amount has

been fixed, either for the work or materials separately. And so this Court has said in the case of *Pue vs. Hetzell,* 16 *Md.,* 549. "The bill of particulars," says the Court, "shows a substantial compliance with the Act. The appellee was entitled to compensation only for a specific job of work, and the work when completed so combined the work and materials as to render it unnecessary to separate them, in the view of the law."

We think, therefore, the bill of particulars in this case is sufficient.

3. The testimony of the witnesses, Gunther, Isaacs and Fahey, offered by the appellants to prove the contents of a lost paper called a "waiver of the liens," and more particularly to prove that the appellees thereby waived their liens as against the two houses in question, is altogether too vague to be of any value whatever. From it the existence of the paper is not altogether certain, and assuming its existence, its non-production is not satisfactorily accounted for. None of these witnesses give any proof that the appellees ever signed the paper in question. One of them testifies he saw on the paper the name of A. F. or F. A. Bennett, but by whom the name was written he does not say. The exception of the appellees, therefore, to this testimony must be sustained.

*Decree reversed, and*
*cause remanded.*

(Decided 19th June, 1890.)