# MARY COALE DUGAN

## *vs.*

## CHARLES A. HOWARD.

*Pleading in equity* : *pleas; pendency of another suit. Mechanics' lien*: *mistakes in claim as filed. Notice*: *dates; completion of building; connecting water to plumbing and heating system.*

Pleas may be filed in equity suits, if they plead facts which without going into the full merits show a good and complete defense to the whole or to a part of the bill;—as the pendency of another suit in the same jurisdiction between the same parties and involving the same subject-matter.          p. 116

The pendency of a former action between the same parties is pleaded in abatement to the second action, the latter being regarded as vexatious; the rule in equity is analogous to the rule at law.  ·                                    pp. 116-117

Under the Code, Article 63, section 11, where a contract for building or materials is not made with the owner but with an architect or other person, the recording of a notice of intention to claim the benefit of the Mechanics' Lien Law is a necessary preliminary, and must be filed within 60 days after the work has been done or materials furnished.  ·          p. 117

*Query*: Whether mistakes in the claim appended to the notice of a mechanics' lien may be corrected?          p. 118

In the claim appended to a notice of a mechanics' lien, the dates should be given on which the materials were furnished or labor performed.                                        pp. 118-119

Where the work of building a house is otherwise complete, the time for filing the mechanics' lien can not be extended by merely connecting up the water to the plumbing and heating boiler.                                              p. 120

If the claim appended to a notice of a mechanics' lien gives no dates of the delivery of materials or performance of labor, and makes no other claim for interest, interest can only be allowed for no more than from the date of the claim.    p. 120

*Decided January 17th, 1917.*

Appeal from the Circuit Court for Anne Arundel County. In Equity. (BRASHEARS, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BURKE, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*James M. Munroe* (with whom was *Ferdinand C. Dugan* on the brief), for the appellant.

*Nicholas H. Green,* for the appellee, submitted the cause on brief.

STOCKBRIDGE, J., delivered the opinion of the Court.

Miss Mary Coale Dugan entered into a contract for the erection of a house in the City of Annapolis with a firm doing business under the name of "DeWaard & Sons."

The contractor invited bids from the appellee for furnishing and installing the heating and plumbing in the building, and Mr. Howard submitted two bids, one of $331 for the heating, and one of $297 for the plumbing. DeWaard & Sons endeavored to obtain a reduction in the bids, and suc-

ceeded so far as the heating was concerned in securing a re-
duction from $331 to $311. Upon the bids thus made of
$311 and $297, the contracts were awarded on June 18,
1910.

There were entirely two distinct contracts, one at a definite
amount for the heating; the other for the plumbing, to be
installed in the building about to be erected. DeWaard &
Son failed, and left a number of their sub-contractors unpaid,
including Howard.

A bill was subsequently filed in equity by the Farinholt-
Meredith Co. for the purpose of enforcing a lien claimed by
it, to which suit Howard and other lien claimants were made
parties. In such proceeding the appellee appeared, and set
up the same claim as that involved in the present suit, which
earlier case is still pending. Mr. Howard then caused this
suit to be brought, to which the appellant appeared and filed
a plea of *lis pendens.*

This plea was stricken out by the Circuit Court for Anne
Arundel County, the order reciting that: "There was no ob-
jection in No. 3443 Equity (the suit instituted by the Farin-
holt-Meredith Co.) to the claim of Charles A. Howard, so it
seems to me that the rights of the parties can be better pre-
sented in these proceedings." The effect of this, therefore,
is to leave two suits pending with regard to one and the
same claim.

While pleas are not usual in equity suits, they are not un-
known, and the nature of the defense that may be set up by
plea may be stated generally as follows: "That any facts or
combination of facts may be pleaded which without going
into the full merits, show a good and complete defense to the
whole or a part of the bill, *e. g.,* the pendency of another suit
in the same jurisdiction between the same parties in regard
to the same subject matteer." 10 R. C. L., sec. 222, p. 455
*Way* v. *Bragaw,* 16 N. J. Eq. 213; *Seebold* v. *Lockner,* 30
Md. 133. And in the *Mutual Life Ins. Co.* v. *Brune,* 96
U. S. 588, it is said that: "At law the pendency of a former
action between the same parties is pleaded in abatement to

the second action, because the latter is regarded as vexatious. The rule in equity is analagous to the rule at law."

It was, therefore, error upon the part of the Circuit Court for Anne Arundel County to have stricken down the plea in this case.

When we come to consider the facts relating to the claim now presented, they are as follows:

As Mr. Howard's contract was not made with the owner, it was incumbent upon him to give notice of his intention to claim a lien, under Section 11 of Article 63 of the Code, which provides: "If the contract for furnishing such work or materials or both shall have been made with any architect or builder or any other person except the owner of the lot on which the building may be erected, or his agent, the person so doing the work or furnishing the materials or both, shall not be entitled to a lien unless within sixty days after furnishing the same, he or his agent shall give notice in writing to such owner or agent, if resident with in the city or county of his intention to claim such lien."

To comply with this the appellee attempted to serve a notice upon Miss Dugan in the City of Baltimore, on December 28th, 1910, and being in doubt as to the efficacy of his attempt, on the day following posted a copy of the "notice" upon the premises. The account appended to the notice was as follows:

" Annapolis, Md., December 28, 1910.

Mr. DeWaard & Sons for Mary Coale Dugan's Cottage, Annapolis Md.,

                    to    Charles A. Howard    Dr.

Nov. 9, 1910—

To heating house, erected for Mary Coale
    Dugan as per agreement................$331.00
To plumbing house and premises erected
    for Mary Coale Dugan as per agree-
    ment. . . . ..........................  297.00
                                           _____

                                           $628.00

To extra at Dugan's house, as follows:
  To changing gas lights—

| | | |
|---|---|---|
| 10 ft. ⅜ pipe | .40 | |
| 10 ft. ¼ pipe | .38 | |
| 2 hrs. plumber and helper | 1.50 | |
| | | 2.28 |
| | | $630.28 |
| Nov. 19th. By cash | | 250.00 |
| Balance due | | $380.28." |

This was clearly defective. The amount set out as the claim for the heating is $331 the amount of the original bid, and not $311 the sum for which the contract was let. Besides this, there is a claim for $2.28 for extras, with nothing to show when the extras were ordered or by whom. In the body of the notice, as well as the account, the sum for which the lien is claimed is $380.28, when at most he was only entitled to claim $358.

Whether the notice is amendable in this respect under the very broad power of amendment allowable in mechanics liens under the provisions of the Code, Art. 63, sec. 41, it is not now necessary to decide, but the case of *Kenly* v. *Sisters of Charity,* 63 Md. 306, at least leaves it open to serious doubt.

The lien was filed for record in the office of the Clerk of Anne Arundel County on February 1, 1911, and contained exactly the same account as that which accompanied and formed a part of the notice to the owner.

No date is given as to the time when any of the materials were furnished or labor done. The lien is, therefore, open to the same objection as that criticised by this Court in *Rust* v. *Chisolm,* 57 Md. 382, where it was said: "The claims of Hutchinson & Bro. and Coyle & Bro. are defective because it does not appear from the face of the account, nor from any paper accompanying the same, at what time or times the materials were furnished. The object of this provision is to

enable the owner or purchaser, and other lien creditors, to trace out the truth of the claim and guard against fraud and imposition." And this language is quoted apparently with approval in *Brunt* v. *Farinholt,* 121 Md. 135.

The work is testified to have been begun in June, 1910, and to have been completed on November 9th, 1910. In a letter written on October 22nd, by the architect, Mr. Lawrence Fowler to Miss Dugan, he says: "I have found the house practically completed and satisfactory with the exception of the plastering." And he sanctions the payment to DeWaard & Sons of $600. The house had been leased on September 20th to Admiral Porter, who began moving his furniture in on October 28th.

If the work of Mr. Howard under his two contracts had been completed by the time when Mr. Fowler wrote his letter, the notice was clearly not within the time required by the Code.

The evidence is uncontradicted that the keys were delivered to Mrs. Porter on October 27th, and that they began moving their furniture in on the 28th, but did not actually occupy the house until some days later, when an additional support had been put in for one of the floors. Both Admiral and Mrs. Porter testify that to all appearances the house was completed when they commenced moving in, and that they had no knowledge or recollection of any work done by Mr. Howard afterwards.

As against this testimony of Admiral and Mrs. Porter, Mr. Howard declares positively that on November 9th, he and a workman by the name of Hyde went to the premises, connected up the water to the plumbing and heating boiler, and tested both jobs. No reason is advanced why this could not and ought not to have been done when the balance of his work was done, except a fear that the pipes might freeze and burst. Whether this was work done in good faith, or merely in an endeavor to keep his lien in force, without notice to the owner, and without recording it, it is not necessary now to

decide. But it is strange that such an omission in the building should have escaped the architect, and if this work alone could be delayed even for the purpose suggested by Mr. Howard, it might be availed of to keep an unrecorded lien alive indefinitely, so long as the building was not occupied.

For the reasons indicated the decree of the Circuit Court for Anne Arundel County passed on the 11th day of August, 1916, must be reversed, and the bill dismissed, without prejudice, however, to the appellee to proceed in the former case after proper amendment of his account and notice, if the same shall be determined to be amendable.

Some question was raised as to the allowance of interest on the claim. In *Smith* v. *Shaffer,* 50 Md. 132, interest was charged in the bill of particulars, but the amount was not extended, and this Court held in such a case, interest was recoverable from the date of the last delivery made of materials. In the *German Lutheran Church* v. *Heise,* 44 Md. 453, no interest was charged or claimed in the account, and it was held that the interest was allowable only from the date of filing the lien; and in *Hensel* v. *Johnson,* 94 Md. 737, it is said: "Inasmuch as the lien became a claim of record, enforceable without stay or condition, interest should be allowed from the time of filing the lien claim for record."

In this case the lien as filed claimed interest only from November 9th, 1910, and if the claim is allowed at all, no interest could be awarded for a longer time than claimed, in addition to which there are no dates given when materials were furnished or work done, and, therefore, there is no earlier date from which interest could be allowed.

> *Decree reversed and bill dismissed without prejudice to the appellee to proceed in the prior case after proper amendment of his account and notice, if the same shall be determined to be amendable, the appellee to pay the costs of this case.*