## CONTINENTAL STEEL CORPORATION *v.* SUGARMAN ET AL.

[No. 11, September Term, 1972.]

*Decided October 17, 1972.*

The cause was argued before MURPHY, C. J., and BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Barry H. Helfand* for appellant.

*Donald J. Gilmore,* with whom were *Walsh, Fisher & Gilmore* on the brief, for appellees.

BARNES, J., delivered the opinion of the Court.

The two questions presented by this appeal involve (1) the propriety of the overruling by the Circuit Court for Carroll County (Weant, J.) of a demurrer filed by the appellant, Continental Steel Corporation, respondent below (Continental), to a petition by the appellees to compel Continental to prove the validity of its Mechanics' Lien and (2) the action by the lower court in determining that the Mechanics' Lien was invalid. We have concluded that the lower court acted correctly and we will affirm its order of October 21, 1971, overruling the Demurrer and its decree of January 20, 1972, declaring the Mechanics' Lien void and requiring Continental to pay the costs.

The appellees, Morris and Sylvia Sugarman, Jerome B. and Thelma (a/k/a Toby) Monfred and 140 Village Partnership, a limited partnership, (the owners) purchased two farms in Carroll County, consolidated the farms into one tract and on part of the consolidated tract erected the 140 Village Center (the Center). On March 23, 1970, Continental entered into a written contract with the Center whereby Continental was to furnish "material and/or labor as listed in accordance with drawings and specification pages enumerated for the sum of ......................" No amount was inserted in the blank indicated. The contract then stated:

"Drawings: 1. Jeans Fabrics 2. Ames Dept.
3. Sentry Drugs 4. Peterson Candy
5. Three Small Stores (North Section)"

The blank after the printed words: "Specification Pages: ........... ......." was not filled in; the name of the architect was inserted after the printed word "Architect"; and opposite the printed words "Shop Paint" the words "One Coat Red Oxide" were inserted. Then the following appears, inserted by typewriting:

| "FURNISH and ERECT: | | *Structural Steel* | | | *Bar Joists* | | *Erection* |
|---|---|---|---|---|---|---|---|
| Jeans Fabrics | 4.7 | T | $ 1,880.00 | 7.6 | T | $ 2,090.00 | $  968.00 |
| Ames Dept. | 44.28 | T | 17,711.00 | 53.42 | T | 14,690.00 | 8,060.00 |
| Peterson | 9.25 | T | 3,700.00 | 7.1 | T | 1,952.00 | 1,438.00 |
| Sentry | 30.7 | T | 12,280.00 | 29.45 | T | 8,099.00 | 4,631.00 |
| 3 Small Stores | 7.4 | T | 2,960.00 | 3.5 | T | 1,050.00 | 968.00 |
| | | | 38,531.00 | | | 27,881.00 | 16,065.00 |

"The Cost of Roof decking will be as follows:

| Jeans Fabrics | 1067.00 |
|---|---|
| Ames | 11,009.00 |
| Sentry | 5380.00 |
| Peterson | 1067.00 |
| 3 Small Stores | 1566.00 |
| | 20,089.00 |

"These figures represent our costs, we will arrange for

the shipment of roof decking your company will unload at job site and take care of the billing.

"Shop drawings to be modified per new canopy layout drawing by David S. Hyman. Contract figure to be amended at the rate of $400.00 per ton for structural steel and $275.00 per ton for bar joists.

"Delivery to suit your reasonable requirements and subject to full approval of working details.
No retention of monies on structural or bar joists will be entertained.

"We trust that this proposal is of interest to your goodselves and look forward to receiving your further instructions.

"Note: The bid on Jeans Fabrics does not include the flank wall canopy which was not finalized at time of bidding."

On the back of the page "Conditions Applying to Proposal on Reverse Side" were printed. Conditions 10 and 11 are as follows:

"10. Unless otherwise provided on the face of this quotation our obligation to furnish labor or materials shall cease at our option if not permitted to complete shipment within 12 months from date hereof.

"11. Except as noted standard terms are ½ of 1% discount allowed for payment on or before the 10th of the month for all invoices covering material or labor for the 30 day period ending the 25th day of the preceding month. No discount will be allowed for partial payment or where construction retainer is withheld. All invoices must be paid in full, except where construction retainer is withheld, in 30 days. No construction retainer in excess of 10% will be allowed. Upon customer's failure to make payments in accordance with terms of this or other contracts it is understood that we may refuse

shipments or suspend performance hereunder except on receipt of satisfactory security."

Continental furnished labor and materials for the erection of the shopping center but apparently because of a dispute between Continental and the owners, Continental was not paid for the labor and materials.

On June 10, 1971, Continental filed a Notice of Intent to File a Mechanics' Lien in the Mechanics' Lien Records of Carroll County. The notice recited that it was the intention of Continental to claim a lien on "the improvements and tract of land lying in the County of Carroll" and described by metes and bounds as set forth in the notice. The description was for both parcels making up the consolidated tract. The claim was for "the sum of $92,470.75, with interest from December 11, 1970" and was stated to be the amount which was "due and owing to claimant for steel, materials and labor, furnished and performed in that certain improvement of said land described above and generally described as the Route 140 Shopping Center." The names of the owners were then set forth and the notice continued as follows:

"That the date of the first item of Claimant's contribution to the improvement was March 23, 1970, and the date of the last item thereof, December 11, 1970; * * *."

It will be observed that no other details are given and there is no mention in the notice of the contract of March 23, 1970, nor was a copy of the contract attached.

The following day, June 11, 1971, Continental filed a Mechanics' Lien among the Mechanics' Lien Records of Carroll County. It recited that Continental claims a Mechanics' Lien against the owners "in a certain parcel of land together with improvements thereon" and then the metes and bounds description which appeared in the notice is set forth. The Mechanics' Lien then states:

"Said Lien is in the amount of NINETY-TWO THOUSAND FOUR HUNDRED SEVENTY

DOLLARS AND SEVENTY-FIVE CENTS ($92,470.75) with interest from December 11, 1970, the date of last work, together with a reasonable attorney's fee.

"The Lien and claim are based upon the furnishing of steel and other materials and labor supplied for its erection all of which was fully furnished and delivered for the improvement and construction to the above premises."

It will be noted that, like the notice, no other details are given and there is no reference to the contract of March 23, 1970, nor was a copy of the contract attached.

On August 24, 1971, the owners filed in the Circuit Court for Carroll County, in Equity, pursuant to Maryland Code (1957, 1972 Repl. Vol.) Art. 63, § 28 and Maryland Rule BG75, a Petition to require Continental to prove the validity of the Mechanics' Lien or have it declared void. The Petition recited that the petitioners were owners of the consolidated tract (giving the recordation references to the two deeds by which the owners acquired the consolidated tract) ; that Continental had filed on June 10, 1971, a "Notice of Intent to File Mechanics' Lien," giving its recordation reference and attaching a copy as Exhibit No. 1; that on June 11, 1971, Continental had filed a Mechanics' Lien for $92,470.75, with interest from December 11, 1970, giving its recordation reference and attaching a copy as Exhibit No. 2.

Paragraph 4 of the Petition stated:

"4. Petitioners deny the validity of the Mechanics' Lien aforesaid."

The prayers for relief were:

"a. Respondent, pursuant to Section 28 of Article 63 of the Annotated Code of Maryland and Rule BG75 of the Maryland Rules of Procedure, prove the validity of the lien aforesaid or have it declared void.

"b. Respondent, pursuant to Rule 370b4 and

372e, be required to verify its answer to this Petition.

"c. Petitioner be granted such further relief as the nature of their cause requires."

To this Petition, Continental filed a combined Demurrer and Answer pursuant to Rule 371. The ground of the Demurrer was the failure of the petitioners to state the reasons why they deny the validity of the Mechanics' Lien. The Answer admitted the allegations of paragraphs 1, 2 and 3 of the Petition, denied the allegations of paragraph 4 and alleged that the Mechanics' Lien was valid in every respect.

Judge Weant overruled the Demurrer on October 21, 1971, after hearing argument and considering the memoranda submitted on behalf of the parties. He was of the opinion that Art. 63, § 28 and Rule BG75 did not require the owners to set forth any reasons for their denial of the validity of the Mechanics' Lien, they having the absolute right to compel the claimant to prove the validity of the Mechanics' Lien and the burden being on the claimant to establish its validity.

Later, after taking testimony and hearing argument, the lower court filed an opinion and decree on January 20, 1972, declaring the Mechanics' Lien to be void and requiring Continental to pay the costs. The lower court was of the opinion that the Mechanics' Lien failed to comply with the second and third requirements set forth in Art. 63, § 19 by stating "the nature or kind of work or the kind and amount of materials furnished and the time when the materials were furnished or the work done" and also "the locality of the building and the number and size of the stories of the same, or such other matters of description as may be necessary to identify the same."

### (1)

In our opinion the lower court properly overruled the Demurrer to the Petition to compel the claimant, Continental, to prove the validity of its Mechanics' Lien

or have it declared void. Art. 63, § 28 and Rule BG75 provide that during the two year period from the date of recordation when the Mechanics' Lien is effective, the owner of the property, against which the lien is effective, may bring a proceeding in Equity to *compel the claimant* to prove the validity of the lien or have it declared void. The burden of establishing the validity of the Mechanics' Lien is thus placed on the claimant and no requirement is imposed upon the owner to state why the owner believes the Mechanics' Lien to be invalid. The owner, therefore, in order to allege a prima facie cause of action under the Statute and the Rule, need only deny the validity of the Mechanics' Lien and require the claimant to prove its validity, as was done in the present case.

### (2)

As we have indicated, the contract of March 23, 1970, between the parties was not a lump sum contract. The space in the contract for a sum certain or lump sum was not filled in. The various items of structural steel, bar joists and their erection and the cost of roof decking, when added together, amount to $102,566 and were stated to be Continental's "costs." There was also a provision to amend the "contract figure" at the rate of $400 a ton for structural steel and $275 a ton for bar joists when the shop drawings were modified in accordance with the new canopy layout drawing by the architect. The amount claimed in the Mechanics' Lien was $92,470.75, but nothing appeared in the Mechanics' Lien in regard to how this figure was calculated. No particulars were given in regard to the nature of the materials furnished or the time of furnishing them or in regard to the work performed or the time of its performance, other than the statement that the last day of work was December 11, 1970. The contract of March 23, 1970, was not attached or filed as an exhibit.

If the contract of March 23, 1970, had been for a sum certain for all of the work done and materials furnished,

then the claimant would only be required to set forth the contract lump sum price under the decision of our predecessors in *Gunther v. Bennett,* 72 Md. 384, 19 A. 1048 (1890) inasmuch as "under the contract itself, no amount has been fixed, either for the work or materials separately." (72 Md. at 388-389, 19 A. at 1049.) This not being such a contract, however, the prior decisions of this Court indicate, as do the provisions of Art. 63, § 19, that the particulars in regard to the nature of the work done and materials furnished, as well as when the work was done and the materials were furnished, must be set forth in the Mechanics' Lien. *Dugan v. Howard,* 130 Md. 114, 118, 99 A. 966, 968 (1917) ; *Rust v. Chisolm,* 57 Md. 376 (1882). Judge Stockbridge, for the Court, in *Dugan* indicated that the object of the statutory requirement " '. . . is to enable the owner or purchaser, and other lien creditors, to trace out the truth of the claim and guard against fraud and imposition.' " (130 Md. at 118-119, 99 A. at 968). *See Welch v. Humphrey,* 200 Md. 410, 90 A. 2d 686 (1952) for an informative review of the history of the Mechanics' Lien law in Maryland by Judge Delaplaine, for the Court. *Cf. Mimsco Steel Corp. v. Holloway Concrete Construction Co.,* 261 Md. 137, 274 A. 2d 90 (1971) and *United States Tile & Marble Co., Inc. v. B & M Welding & Iron Works, Inc.,* 254 Md. 81, 253 A. 2d 838 (1969) in regard to a similar requirement for notices of intent to file a Mechanics' Lien under Art. 63, § 11.

It is clear to us that Continental has not met its burden of proving the second requirement set out in Art. 63, § 19 and its Mechanics' Lien was invalid for this reason as the lower court properly held.

The lower court was also of the opinion that the claimant, Continental, had failed to describe sufficiently the locality of the buildings and the number and size of their stories as set forth in the third requirement of Art. 63, § 19. It may well be that the lower court's opinion in this regard is sound; but in view of the invalidity of the Mechanics' Lien for failure to comply with the second

requirement of Art. 63, § 19, we deem it unnecessary to pass upon this matter.

> *Order of October 21, 1971, and decree of January 20, 1972, affirmed, the appellant to pay the costs.*