THE TALBOTT LUMBER COMPANY *v.* JOHN T.
TYMANN ET UX.

[No. 1134, September Term, 1980.]

*Decided May 11, 1981.*

The cause was argued before MORTON, MOYLAN and
WILNER, JJ.

*Robert C. Brown* for appellant.

*Robert B. Greenwalt,* with whom was *Robert N. Kerr* on
the brief, for appellees.

WILNER, J., delivered the opinion of the Court.

Real Property article, § 9-102 (a), authorizes the imposi-
tion of mechanics' liens. In relevant part, it provides that
"[e]very building erected . . . is subject to establishment of a

lien in accordance with this subtitle for the payment of all debts ∴ . . . contracted . . . for materials furnished for or about the building. . . ." Section 9-102 (d) states a caveat, however — an exemption from that provision. It provides:

> "However, a building or the land on which the building is erected may not be subjected to a lien under this subtitle if, prior to the establishment of a lien in accordance with this subtitle, legal title has been granted to a bona fide purchaser for value."

The question before us in this appeal is who has the burden of establishing whether that exemption applies. More particularly, where the respondent is an intervening purchaser — one who took title to the property prior to the establishment of the lien — must he prove that he was a "bona fide purchaser for value" or must the lien claimant prove that he was not?

This proceeding commenced on May 5, 1980, when appellant, a building supply company, petitioned the Circuit Court for Howard County to establish a lien in the amount of $4,219 against property owned by appellees. It is apparent from the record that the property in question is the appellees' newly constructed residence. The petition and its exhibits alleged that appellant had delivered supplies to the site from June to December 1979, that the supplies were delivered at the request of the contractor Thomas Associates, Inc., and that they were used in the construction of the improvements. It also averred that on October 15, 1979, the property was conveyed by Thomas to appellees, and made references to the liber and folio in the Land Record Office where the deed implementing that conveyance was recorded. There was no allegation in the petition or the accompanying affidavit that appellees were not bona fide purchasers for value.

On May 12, 1980, presumably acting pursuant to Real Property article, § 9-106, and Maryland Rule BG73a, the court issued an order directing appellees to show cause why the relief requested by appellant should not be granted. The

order warned appellees that they must file "either a verified answer or counter-affidavit to the Petition" and that failure to do so "may result in the facts in the Affidavit supporting Petitioner's claim being deemed admitted. . . ."

Appellees responded not with an answer or counter-affidavit but with an unverified demurrer, in which they raised two defenses. First, they acknowledged appellant's allegation as to their acquisition of title from Thomas on October 15, 1979, and stated that since they "became legal title holders prior to the establishment of a lien the building or land cannot be subjected to a lien under the exemptions provided by Section 9-102 (c). . . ." [1] Second, they complained that the petition failed to allege the amount of materials furnished or when they were furnished, and that the copies of the invoices attached to the petition were insufficient or illegible. Nowhere in this pleading did appellees claim that they were bona fide purchasers for value or point to the absence of a negative averment in that regard in the petition.

Upon these pleadings, the court conducted a "probable cause" hearing, at which some evidence was taken. The court concluded that appellant, as the petitioner, had the burden of showing that appellees were not bona fide purchasers for value, and that it had failed to satisfy that burden. For that reason, the court dismissed the petition, thus impelling appellant to file this appeal. We shall affirm.

We note initially that, although both the statute (§ 9-106 (a)) and Maryland Rule BG73b look toward the filing of a verified answer or counter-affidavit, a demurrer is a permissible way of challenging the sufficiency of the petition. *See Scott & Wimbrow, Inc. v. Wisterco Investments, Inc.*, 36 Md. App. 274 (1977), *cert. denied,* 281 Md. 743; *Mervin L. Blades & Son, Inc. v. Lighthouse Sound Marina and Country Club,* 37 Md. App. 265 (1977). Maryland Rule BG73b itself makes clear that the failure to file an opposing affidavit or verified answer though serving to admit all

---

1. At the time, the reference to § 9-102 (c) was correct. It was by reason of a 1980 amendment to the section, not relevant to this proceeding, that subsection (c) was relettered as subsection (d).

statements of fact contained in the petitioner's supporting affidavit, does "not constitute an admission that the petition or affidavit in support thereof is legally sufficient." We mention this in order to frame properly the issue before us. Appellees have never alleged, much less proved, that they *were* bona fide purchasers for value. Such an allegation, if it were required, would have to be made by way of verified answer or counter-affidavit, not by way of demurrer. The demurrer, in this regard, is effective not to posit the fact that appellees were bona fide purchasers for value, but only to test whether the petition and its appendages are legally sufficient to entitle appellant to its lien, in the absence of any averment negating that status.[2]

Until 1959, it was no defense to a claim for a mechanic's lien that the respondent-owner was a bona fide purchaser for value — that he had purchased the property prior to establishment of the lien without notice of the petitioner's claim. *See Miller v. Barroll,* 14 Md. 173, 183 (1859), *Clark Certified Concrete Co., Inc. v. Lindberg,* 216 Md. 576, 581 (1958), *and compare Ortwine v. Caskey,* 43 Md. 134 (1875). That defense was first statutorily provided by Acts of 1959, ch. 734, which may well have been enacted in response to *Clark Concrete Co., supra.* That Act amended what was then art. 63, § 1 — the statute authorizing mechanics' liens — by adding to it this language:

> "However, no building or the land on which it sits shall be subject to a lien as set forth above, *if it shall be proved by evidence* that all moneys due for work contracted and materials furnished in repairing or constructing such building has been paid to such persons, firms or corporations who have actually performed the labor or supplied the materials *and* said building has been conveyed to a bona fide purchaser for value without notice." (Emphasis supplied.)

---

2. We would also observe that merely taking legal title prior to the establishment of the lien does not serve to exempt the property under § 9-102 (d). The statute plainly requires that the intervening purchaser be a bona fide purchaser for value.

At the time of this enactment, the mechanic's lien law was quite different than it is today. The format then was that the "mechanic" could acquire his lien simply by filing a claim with the clerk of the circuit court. The lien attached as of then in the amount claimed, and lasted for one year. During that period, the claimant could sue to enforce the lien or the owner of the property could sue to "compel the claimant to prove the validity of the lien or have it declared void." *See* former art. 63, § 28; former Maryland Rule BG75 (1971 Repl. Vol.). Presumably, it would be in the context of such a proceeding that evidence pertaining to the two conditions set forth in the 1959 Act could be offered.

The law was not at all clear as to who had the burden of proving the existence (or nonexistence) of the two statutory conditions. On the one hand, the statute, read literally, would seem to have placed the burden on the owner to show that he was entitled to the exemption — to prove, by way of affirmative defense, the existence of the two conditions. That would certainly have been a reasonable interpretation of the statute as then worded. On the other hand, such a construction would have been inconsistent with the more general rule laid down by the Court of Appeals that the claimant had the burden of proving his entitlement to the lien. This was made most clear in *Continental Steel Corp. v. Sugarman,* 266 Md. 541 (1972), an action by an owner to compel the claimant to prove the validity of its lien. The petition baldly denied the validity of the lien, but gave no reasons in support of that statement. The claimant demurred, but the demurrer was overruled and ultimately the lien was declared void. On appeal, the Court concluded that in such a proceeding,

> "[t]he burden of establishing the validity of the Mechanics' Lien is thus placed on the claimant and no requirement is imposed upon the owner to state why the owner believes the Mechanics' Lien to be invalid. The owner, therefore, in order to allege a prima facie cause of action under the Statute and the Rule, need only deny the validity of the

Mechanics' Lien and require the claimant to prove its validity . . . ." *Id.* at 548.

The same rule was applicable in the converse context, of an action by the claimant to enforce his lien. *See District Heights Apartments, Section D-E, Inc. v. Noland Co., Inc.,* 202 Md. 43, 48 (1953): "In an equity proceeding to enforce a mechanic's lien, the claimant has the burden of proving his cause of action." *See also Parker v. Tilghman V. Morgan, Inc.,* 170 Md. 7 (1936); *Wilson v. Wilson,* 51 Md. 159 (1879). *Also Barry Properties, Inc. v. Fick Bros. Roofing Co.,* 277 Md. 15, 20-21 (1976), where, commenting on an action by the claimant, the Court observed that "[i]f in such a proceeding *the claimant establishes that he is entitled to the lien,* the court will order a sale of the property to pay the claimant. . . ." (Emphasis supplied.)

We thus have, under the "old" law, a statute that would seem, by its particular wording, to place on the owner the obligation to prove by evidence the two conditions necessary for the exemption, and the general requirement that in all instances the burden was on the claimant to prove his entitlement to the lien.

As the result of the decision in *Barry Properties v. Fick Bros., supra,* declaring the "old" law unconstitutional, the General Assembly completely rewrote the law in 1976. The entire format was changed; and with that change has disappeared the ambiguity as to burden of proof.

The statutory exemption, appearing in § 9-102 (d), no longer speaks of the condition being "proved by evidence." As noted, it simply says that property sold to a bona fide purchaser for value "may not be subjected to a lien under this subtitle. . . ." Yet the general burden of proving entitlement to the lien still clearly rests with the claimant; indeed, the principal defect in the "old" law, which the 1976 rewriting was largely designed to correct, was the ability of the claimant to acquire his lien in the first place without having to prove his entitlement to it. The new statutory scheme bears this out.

The proceeding now is commenced by the filing of a petition to establish the lien. Accompanying the petition must be an affidavit "setting forth facts upon which the petitioner claims he is entitled to the lien in the amount specified. . . ." § 9-105 (a) (2). The court must review the petition, and as a part of that review, "may require the petitioner to supplement or explain any of the matters therein set forth." § 9-106 (a). If, preliminarily, the court thinks that the lien should attach, it issues an order directing the owner to show cause why it should not attach. Upon such an answer (or in default of it), the court has three options. *See* § 9-106 (b).

If, from the material before it, the court concludes that there is no genuine dispute of fact and that a lien should attach as a matter of law, it enters the lien. § 9-106 (b) (1). If, on the other hand (§ 9-106 (b) (2)), "the pleadings, affidavits and admissions on file and the evidence, if any, show that there is no genuine dispute as to any material fact *and that the petitioner failed to establish his right to a lien* as a matter of law, then a final order shall be entered denying the lien for cause shown." (Emphasis supplied.) [3]

The language of § 9-106 (b) (2), which was obviously the provision applied here, seems to make clear that the obligation or burden remains on the petitioner to establish his right to a lien. When coupled with the changes made to the 1959 statute and the general thrust of the current law, it is further clear to us that the claimant's general burden includes proving that an intervening owner is not a bona fide purchaser for value. As the Court said in *Continental Steel Corp., supra,* the owner need do no more than deny the validity of the claim, or, as we held in *Scott & Wimbrow* and *Mervin L. Blades & Son,* both *supra,* contest by demurrer the sufficiency of the petition. He need offer no evidence of his status except in response to evidence first offered by

_____

**3.** The third option, not applicable here, is where the court cannot determine the issue as a matter of law, generally because of a genuine dispute of material fact, but finds probable cause to believe that the petitioner is entitled to a lien. In that event, it may enter an interlocutory order (1) establishing the lien, (2) requiring a bond from the claimant, and (3) setting the matter for trial on the merits within six months.

petitioner tending to show that he is not a bona fide purchaser for value.

The affidavit and pleadings supplied by petitioner are, as we have noted, entirely silent on the issue, although they do clearly recognize appellees as intervening purchasers from Thomas. Moreover, the additional evidence offered at the "show cause" hearing (assuming that, in light of the pleadings, such evidence even should have been taken), was entirely insufficient to show what appellant needed to show. The court took notice from the deed, referred to in the petition and affidavit, that appellees had paid value for the home, and there was a complete dearth of any evidence to indicate that, in doing so, they had any notice whatever of appellant's claim or potential claim, or any reasonable cause to make inquiry.[4]

*Judgment affirmed; appellant to pay the costs.*

---

**4.** It is not our function to determine where the burden of proof *ought* to lie; that is a matter of policy that the Court of Appeals or the General Assembly, acting in their respective spheres, may decide. We see no particular hardship in placing the burden on the claimant, however. The Maryland Rules afford him ample ability to ferret out the circumstances under which an intervening owner acquired the property and to offer evidence, if there is any, suggesting that the owner is not a bona fide purchaser for value.