Thomas, *vs.* Barber.

---

JOHN H. THOMAS *vs.* WILLIAM E. BARBER and SAMUEL W. BARBER.

Where a lien claim as filed, the *scire facias*, and the sheriff's published notice, *all* name the defendant as *owner or reputed owner*, and another party as *contractor, builder and architect*, to whom the materials were furnished by the

claimants, the defendant must in such a case be regarded as *owner*, whether so in fact or not, and the claimants cannot recover, unless they have given *him* the *notice* required by the lien laws.

A notice to the owner, which merely states the intention "to claim the benefit of the lien, provided" by the lien laws, "for materials furnished and, work done, for and about the erection and construction" of the described building, saying nothing of the nature and kind of materials, nor of the *amount* claimed, and making no reference to a *claim filed,* is *not a sufficient* notice under the lien laws.

APPEAL from the Superior Court of Baltimore city.

This was a *scire facias* under the mechanics' lien laws, issued on the 11th of April 1855, upon a claim filed the day preceding, by the appellees against the appellant and Jacob F. Kridler, for materials alleged in the claim to have been furnished to Kridler as contractor, builder and architect, of a house erected on a lot, of which the appellant was at the time of their delivery the owner or reputed owner. The writ, return, advertisement, claim, pleas and issues, are fully stated in the opinion of this court.

*Exception.* The proof in the case shows, that Kridler was building three houses adjoining each other, one of which is the house in question; *that* the lumber was obtained for these three houses from various places, and all of it was usually dropped at defendant's house, and was used indiscriminately for all three; *that* the items of which this claim is composed, were sometimes ordered by Kridler and sometimes by his hands. The plaintiffs then offered in evidence the *notice to the appellant,* which is set out in the opinion of this court, and also a deed from Kridler and Israel to the defendant, dated the 20th of November 1854, of the leasehold interest in the lot sought to be charged with the lien. The defendant then offered in evidence an agreement between himself and Kridler, dated the 11th of July 1854, by which Kridler contracted, for $6000, to build the house for him, and convey or have conveyed to him the lot free of incumbrances, except the ground-rent, and also proved the lease of the lot by Williams and wife, to Kridler, dated the 19th of September 1854, and the assignment thereof by Kridler to Israel, dated the 20th of October 1854, subject to the defendant's title, and with the

agreement on the part of Israel, to convey the property to the defendant, on repayment of the sum of $2500, for which Kridler had pledged it to him. It was admitted by the plaintiffs, that it was their invariable custom to settle with Kridler on the first of July and January, every year, for purchases made by him during the previous six months, and that on the 1st of July 1854 he gave them his note for $518.85, in pursuance of that custom; which, however, has not been paid. The defendant then offered the following prayers.

1st. (This prayer is fully stated in the opinion of this court.)

2nd. That if the jury find that Kridler executed the contract given in evidence by defendant, the plaintiffs are not entitled to recover for any materials which they may find to have been furnished to Kridler, on account of the property in question, previous to sixty days before the 5th of January 1855, provided they find there was no special contract between the plaintiffs and Kridler, for furnishing materials generally to the house, but that the same were sent for, and furnished from time to time, as the state of the job required.

4th. That if the jury believe from the evidence, that the materials claimed for, were furnished on the individual credit of Kridler, and not on that of the house in question, then the plaintiffs are not entitled to recover.

5th. That in order to entitle the plaintiffs to recover in this action, the jury must first find that the materials were furnished on the credit of the house in question, and that such was the understanding at the time they were furnished.

The court, (PRESSTMAN, J.,) granted the *fourth* prayer, with this modification; "but that the jury are not at liberty to infer, that the note offered in evidence, and given by said Kridler, was a waiver of the lien of the plaintiffs, unless they shall also find that the said note was paid," and rejected the others. To this ruling the defendant excepted, and the verdict and judgment being against him, appealed.

The cause was argued before Le Grand, C. J., Eccleston, Tuck and Bartol, J.

*S. T. Wallis* for the appellant, argued:

1st. That the contract for furnishing the materials, having been made with "a contractor or builder," the lien cannot be affixed to the defendant's property, without the *notice* required by the acts of 1838, ch. 205, sec. 9, and 1845, ch. 176, sec. 1. Whether he was owner *in point of fact* or not, he was so for the *purposes of this case.* The claim, the *scire facias*, the notice, all allege that he was the owner, and that the materials were furnished to a *contractor.* The testimony shows the same fact. He was the equitable owner, in point of fact, from the date of his contract with Kridler, on the 11th of July 1854. If, therefore, the acts of Assembly require notice to the party, who was the owner at the time the lien was attempted to be enforced, and who was the equitable and "reputed owner" all the time, then Thomas was the proper person to whom the notice was to be given. 7 *Md. Rep.*, 315, *Mills vs. Matthews.* But, as has been already said, the *scire facias* and the notice, treat him as owner or reputed owner, and there can be no recovery except upon proof that all the formalities required in the case of an owner or reputed owner, have been strictly complied with as to him. The plaintiffs have so put their own case. The notice to Thomas was not sufficient. The act of 1838, ch. 205, sec. 9, provides, that the party furnishing materials, shall not be entitled to a lien, when his "contract" for furnishing them was made with a contractor, unless he shall give notice of the "*same*," that is, of the *contract* to the owner, and "that he intends to claim the benefit of the lien." No notice of the *contract* was given, or of any thing from which it was possible for Thomas to learn what the contract was. The act of 1845, ch. 176, sec. 1, provides, that in a similar case, the claimant shall not be entitled to a lien, "unless within sixty days after furnishing such work or materials, he shall give notice of the *same*," (that is, notice of the furnishing of *such* materials,) "and of his intention to claim the benefit of the lien." Both acts require notice of two things. Thomas had notice but of one, viz., their intention to claim the benefit of the lien. There is nothing from which he could learn the nature of the contract, to which he was a stranger, the kind and character

of the materials, the amount due for them, or any thing else
he was entitled to know; nothing to enable him to retain in
settlement with Kridler, as by the act of 1845, ch. 287, sec. 8,
he was entitled to do, the amount for which he might be made
responsible to the claimants. The lien had not then been
filed to come in aid of the notice and supply defects. It was
not filed until the 10th of April, three months afterwards.
There is no other proof when the notice was served, than that
the endorsement says, the 5th of January. Sec: 11 of the
act of 1838, ch. 205, prescribes, what the lien-claim must con-
tain; the nature or kind of work done, and the kind or
amount of the materials furnished, and the time when they
were furnished. Yet in a case in which the letter of the law
was complied with, and all this information given, the Court of
Appeals say its spirit was not fulfilled; he must not only
state the amount claimed, but must give a bill of particulars,
whereby all who may be interested in the premises can ascer-
tain, not only the amount demanded but the correctness and
reasonableness of the demand. The *items* must be furnished,
in order that persons interested may know for what services
and materials the sum alleged to be due is claimed, and thus
have an opportunity of proving the injustice or the extrava-
gance of the demand. 6 *Gill*, 27, *Carson vs. White.* If
a stranger to the contract is entitled to this information from
the claimant, he is surely equally entitled to it in the notice,
when no claim has been filed, and there is no other source
from which he could learn it. For these reasons the appel-
lant insists, there was no sufficient notice to bind him as owner,
and that the court, therefore, erred in refusing his first prayer.

*Note.* The argument upon the other prayers is omitted,
inasmuch as they are not noticed in the decision of the court.

*Cornelius McLean* and *George H. Williams* for the ap-
pellees, argued:

1st. That the ruling of the court below upon the first prayer
was correct. The evidence shows that Kridler *was owner*,
and as such contracted for the materials, and no notice was
necessary to be given to Thomas in any event. He bought

Thomas vs. Barber.

the house from Kridler as its owner, after the delivery of these materials, and was bound to know that a house in progress of erection was responsible under the lien law.   He affirms Kridler to have been such owner, by receiving a conveyance from him, and there is not a particle of evidence in the cause, to show that Kridler was at any time the contractor or builder of Thomas.   His agreement was to sell his own house to Thomas, when he had finished it.   If that be so, then the notice to Thomas was mere surplussage, only given for abundant caution, and a defective notice to one not entitled to any notice at all, cannot vitiate a claim properly preferred against the house, and against the person truly liable; and for a like reason, the addition of the name of Thomas in the claim as filed, cannot be a fatal defect, if indeed it be a defect at all.   Further, this is a proceeding *in rem*, and the *scire facias* either brings in the true parties, or concludes the property by judgment rendered, and had it turned out that neither Kridler nor Thomas were owners, still the claim was sufficiently filed to bind the property, if either was the owner or reputed owner, which is all that the act requires.   The jury may have found that Kridler was the owner, and no notice necessary, and the wording of the prayer, that the plaintiffs were not entitled to recover, by reason of a defective notice to Thomas, excluded the jury from finding that Kridler was the owner, and that the notice was otherwise sufficient, or in fact that no notice at all was necessary; and also excludes from the consideration of the jury the first and third issues, which do not at all involve the question of notice, but only the furnishing of the materials and the sufficiency of the claim of lien.   And the prayer assumes, that in filing the claim, the law requires the claimant, at his hazard, to ascertain the true owner, and so much of the law as provides for filing it against the reputed owner would be repealed.   The act evidently makes the true description of the lot when the claim is filed, and when the *scire facias* is published, the important matter, and in this case in which Kridler was at the outset the owner without a proper title, and subsequently became contractor to finish, demonstrates the propriety of this construction of the law.

49      v.10

2nd. Assuming that Kridler was contractor and builder, the notice, so far as *time* is concerned, was sufficient. It was within sixty days after furnishing the materials. November 17th was the date of the last delivery, and January 5th was the date of the notice. In substance it was sufficient, because the lien law only requires, that the particulars should be filed in the clerk's office, 6 *Gill*, 17, *Carson vs. White.* The act of 1845, ch. 176, sec. 1, does not entitle the owner to notice of any thing, but that the benefit of the lien is intended to be claimed, and that the materials have been furnished under contract to the contractor. It does not, nor does any act, provide that the particulars are to be furnished with the particularity required when the claim is lodged in the clerk's office, and the court therefore was not in error in refusing the first prayer. The second section of the act of 1845, draws a distinction between giving notice, and the filing of a claim or statement.

ECCLESTON, J., delivered the opinion of this court.

The *scire facias* in this case issued from the Superior Court of Baltimore city, for the purpose of enforcing a claim under the lien laws. The writ recites, that on the 10th of April 1855, William E. Barber and Samuel W. Barber filed a claim in the said court, "against Jacob F. Kridler and John H. Thomas, for the sum of $95.31, on a three-story brick tenement, with a three-story back building, twenty-two and-a-half feet front, fronting on the south-west side of McCulloh street, first house north-west of Hoffman street in said city, with a depth of about fifty-three feet, and on the lot whereon said tenement is erected, and the ground adjacent thereto and used therewith, of which the said John H. Thomas was the owner, or reputed owner, for lumber sold and delivered by the said William E. Barber and Samuel W. Barber, to the said Jacob F. Kridler, as contractor, builder and architect."

The writ was issued on the 11th of April 1855, and on the return-day the sheriff made the following return:

"Copy served on John H. Thomas, defendant in possession, and summoned. *Non est, Jacob F. Kridler;* also adver-

tised according to law, as per advertisement hereto annexed. (Signed,) *Samuel Hines*, sheriff."

The advertisement states the issuing of the writ, describing the property and the lien-claim as set forth in the *scire facias*, calling Thomas "the owner, or reputed owner;" and stating the lumber to have been sold to Kridler, as contractor, builder and architect." It then gives notice to all claimants and persons interested to be and appear in the court, "to show cause, if any thing they know or have to say, why the said sum of money above named should not be levied of the said buildings to the use of the said William E. and Samuel W. Barber, according to the form of the act of Assembly in such case made and provided."

Thomas appeared and filed three pleas:

1st. That the materials were not furnished, and that the sum of money was not due and unpaid as alleged.

2nd. That the contract for furnishing the said materials was made with an architect, builder, or other person than the owner of the lot on which the building was erected, and that the plaintiffs did not, in manner and form as required by the acts of Assembly in such case made and provided, give notice of the same, and of their intention to claim the benefit of the alleged lien.

3rd. That no lawful sufficient claim of lien was filed as required by the acts of Assembly.

Upon issues based on these pleas the cause was tried.

The lien-claim, as filed, does not appear in the record, but, by agreement, is to be used as if it had been inserted. It is as follows:

"*William E. Barber and Samuel W. Barber, vs. Jacob F. Kridler and John H. Thomas.—Mechanics Lien.—In the Superior Court of Baltimore city.*

William E. Barber and Samuel W. Barber, of the city of Baltimore, Maryland, claim a lien for the sum of $95.31, on a three-story brick tenement, with a three-story back building, twenty-two and-a-half feet front, fronting on the south-west side of McCulloh street, first house north-west of Hoffman street, in said city, with a depth of about fifty-three feet, and

Thomas *vs.* Barber.

on the lot whereon said tenement is erected, and the ground adjacent thereto, and used therewith, of which the said John H. Thomas was, at the time of the delivery hereinafter mentioned, the owner, or reputed owner, for lumber sold and delivered by the said William E. Barber and Samuel W. Barber to the said Jacob F. Kridler, as contractor, builder and architect, of the kind, at the prices, and delivered at the respective times stated in the account hereto annexed and filed herewith. McLEAN & WILLIAMS,

Attorneys for Claimants.

*Mr. Jacob F. Kridler and John H. Thomas,*

Bot. *of Barber & Brother.*

1854.

| | | | |
|---|---|---|---|
| May 25.—625 ft. 3x5 w. pine, 20.2½, | - | $15 63 | |
| Hauling, - - - - - | | 37 | $16 00 |
| July 11.—1080 ft. 3x9 hemlock, 16.1¾, | - | 18 90 | |
| Hauling, - - - - - | | 50 | 19 40 |
| " 12.—1080 ft. 3x9 hemlock, 16.1¾, | - | 18 90 | |
| Hauling, - - - - - | | 50 | 19 40 |
| Aug. 15.—208 ft. 3x4 w. pine, 26.2¾, | - | | 5 72 |
| Sept. 12.—254 ft. 4x4 cullings, 2, - - - | | 5 08 | |
| 960 ft. 3x4 hemlock, 16.1¾, | - | 16 80 | |
| Hauling, - - - - - | | 50 | 22 38 |
| Nov. 17.—159 ft. 4x4 panel, 4½, - - - | | | 7 16 |
| Oct. 25.—1500 ft. laths, w. p.—Jacob cart, 37½, | | | 5 25 |
| | | | $95 31 |

Received to be recorded 10th day of April 1855. Same day recorded and examined,

Per, EDWARD DOWLING, Clerk."

On the 5th of January 1855, the following notice was served upon the present appellant:

"*John H. Thomas, Esq.*—Sir, You are hereby notified, that we intend to claim the benefit of the lien provided by acts of Assembly, for materials furnished, and work done for and about the erection and construction of a certain three-story building, situate on the westwardly side of McCulloh street, being the first house north-west from Hoffman street, in the

city of Baltimore, of which Jacob F. Kridler was the architect, contractor and builder, and you the owner, or reputed owner.

Very respectfully yours, &c.,

BARBER & BRO., Lumber Merchants."

"*Baltimore, Dec.* 28, 1854."

Inasmuch as our decision is based upon the proceedings already mentioned, a further statement of the evidence contained in the bill of exceptions is deemed unnecessary.

At the trial the defendant submitted four prayers, all of which, as presented, were refused; but the court granted the third, (marked 4th,) with a qualification.

The verdict and judgment being in favor of the plaintiffs, the defendant appealed.

The first prayer asks the court "to instruct the jury, that if they find that Kridler executed the contract given in evidence by the defendant, then the notice to the defendant, offered in evidence by the plaintiffs, is not sufficient to entitle the plaintiffs to the benefit of a lien against the defendant, as owner of the property in question, and that the plaintiffs are therefore not entitled to recover in this action."

For the purpose of giving effect to a claim, under the lien laws, if the contract for furnishing materials shall have been made with "any architect, builder or other person, except the owner or owners of the lot upon which the building may be erected, or his, her or their agent," it is necessary that, within sixty days after furnishing such materials, notice thereof, and of the intention to claim the lien, shall be given in writing, by the claimant, or his agent, "to the owner or owners, or agent, if residing in the city or county of Baltimore." See the *Acts of* 1838, *ch.* 205, *sec.* 9; 1845, *ch.* 176, *sec.* 1, and 1845, *ch.* 287, *sec.* 8; also the case of *Hess & others, vs. Poultney & Brown, Ante,* 257.

In prescribing the form of the claim to be filed, the 11th section of the first act directs, that it shall set forth "the name of the claimant, and of the owner, or reputed owner, of the building, and also of the contractor, architect or builder." And in reference to a notice by publication, directed by the 17th section of the original act, the 9th section of 1845, *ch.*

287, requires such notice to specify the name of the owner, or supposed owner, of the building, and of the contractor, if any, at whose instance the materials were furnished.

The notice to Thomas—the lien claim as filed—the *scire facias*—and the sheriff's published notice—all name Thomas as "owner, or reputed owner," and Kridler as "contractor, builder and architect." And the lien-claim not only thus describes those parties, but says, "the said John H. Thomas was, *at the time of the delivery hereinafter mentioned,* the owner, or reputed owner," of the property designated as that on which the lien is claimed, "for lumber sold and delivered by the said William E. Barber and Samuel W. Barber to the said Jacob F. Kridler, as contractor, builder and architect, of the kind, at the prices, and delivered at the respective times stated in the account hereto annexed and filed herewith."

With such proceedings before us, so far as this case is concerned, we must regard Thomas as *owner,* and Kridler as *contractor, builder and architect.* This being so the plaintiffs were not entitled to recover under this *scire facias,* unless notice was given to Thomas according to the requirements of the acts which have been referred to, and this we think has not been done.

The claim was not filed until the 10th April 1855; the notice was given on the 5th of January preceding, merely stating an intention "to claim the benefit of the lien provided by the acts of Assembly for materials furnished, and work done for and about the erection and construction of a certain three-story building," &c. It says nothing as to the nature or kind of materials furnished or work done, leaving the owner entirely without information in regard to the amount intended to be claimed.

The act of 1845, ch. 176, sec. 1, requires in such a case as this that a claimant shall, within sixty days after furnishing work or materials, "give notice of the same, "(that is, notice of the furnishing of such work or materials,)" and of his intention to claim the lien." In a case where the notice makes no reference to a claim filed, and could make none in consequence of there being no such claim on file, how can such a notice as

the present be considered a compliance with the act? What useful information did it furnish in reference to the amount of the claim?

The 8th section of chapter 287 of the same session, confirms us in the belief, that this notice is not such as the Legislature designed it should be. That section gives the owner who receives notice of a lien claimed for materials, the right to retain out of the cost of the building, as between himself and the contractor, "the amount which he may ascertain to be due to the party giving such notice." This provision is an equitable one, and designed for the protection of the owner. Requiring such a notice to be given as will render the law practically useful to him, imposes no hardship upon a material man or mechanic, whilst it only secures to an owner what the Legislature evidently intended for his benefit.

As the notice received by Thomas says nothing in regard to the amount claimed, it gave him no information in reference to what amount he would be entitled to retain out of the contractor's claim.

Like the case before us, the *scire facias*, in *Hess & others, vs. Poultney & Brown*, was issued upon a claim for materials. There the want of a proper notice to the owners was held to be a defect, which so effectually defeated the claim that the court did not award a *procedendo*. And considering the present notice defective, we think the first prayer of the defendant should have been granted. The judgment must therefore be reversed, and no *procedendo* ordered.

This renders an examination of the other prayers unnecessary.

*Judgment reversed, without a procedendo.*