ALBIN M. RICHARDS *vs.* HARRY J. O'BRIEN & others.

Suffolk. January 11, 12, 1899. — May 18, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Mechanic's Lien — Finding — Notice to Owner of Land — Waiver —*
*Rights of Mortgagee.*

The owner of land against which a mechanic's lien, under Pub. Sts. c. 191, is sought to be enforced cannot, as against the holder of a mortgage from him, by filing a confession of judgment, waive the notice required by § 3 to be given of an intention to claim a lien.

If a person who is not the owner of land buys materials on his own behalf, nothing short of the notice required by Pub. Sts. c. 191, § 3, will give a mechanic's lien for them to the seller, as against a mortgagee from the owner.

As to what constitutes an owner of land in the sense of Pub. Sts. c. 191, *quœre.*

PETITION, against Harry J. O'Brien and James V. Steele, to enforce a mechanic's lien, under Pub. Sts. c. 191, for materials furnished for the erection of buildings on land in Boston. The original respondents, O'Brien and Steele, duly filed confessions of judgment, and subsequently John F. Hutchinson as the owner of certain mortgages on the land in question, and George H. Reed, claiming title to three of the four lots into which the land was divided, under the foreclosure of these mortgages, and as the owner of the mortgage on the fourth lot, appeared and filed answers. At the trial in the Superior Court, before *Maynard,* J., certain issues were submitted to a jury, and answered. Subsequently the case came on to be further heard without a jury, before *Mason,* C. J., who ordered that the petition be dismissed as against the respondent Reed; and the petitioner alleged exceptions. The facts appear in the opinion.

*J. A. McGeough & L. M. Friedman,* for the petitioner.

*A. E. Clary,* for Reed and Hutchinson.

HOLMES, J. This is a petition to enforce a lien for lumber and materials which were furnished for the erection of four buildings. They were furnished under one contract, made on March 5 or 6, 1895. The buildings were upon a tract of land the legal title to the whole of which was in one O'Brien at that date; but the land was divided into lots numbered 26, 27, 28,

and 29 on a certain plan, and number 26 was subject to a mort-
gage which since has been foreclosed. The respondent Reed
has the title to this lot, and it is admitted that the lien cannot
be maintained against it. The contest is between the petitioner
and Reed as holder of titles by foreclosure of mortgages of later
date than March 6, 1895.

The petitioner sold the materials to James V. Steele, and
gave no written notice to O'Brien, the holder of the legal title.
If, therefore, Steele was not O'Brien's agent and if O'Brien was
the owner and Steele was not, within the meaning of Pub. Sts.
c. 191, § 3, then the petitioner cannot enforce his lien against a
respondent who took mortgages from the owner and is entitled
to stand in his shoes.

Issues were submitted to the jury, and one of them was
whether at the time when the petitioner furnished the materials
O'Brien had any beneficial interest in the land, or held it for the
benefit of Steele. The answer was, " No ; he held it for James
V. Steele." At a later stage the case was further heard by the
Chief Justice of the Superior Court without a jury, for the pur-
pose of determining whether Steele's contract was made with
the consent of O'Brien or ratified by him, and such other issues
left undecided by the jury as the court might deem material.
The Chief Justice found that the purchase was not made on
behalf of O'Brien, and ordered the petition to be dismissed as
against the respondent Reed. The petitioner excepted.

The finding of the jury that O'Brien held the land for Steele
is too indefinite to exclude a subsequent finding by the Chief
Justice that Steele had no such relation to the land as to make
him owner in the sense of the statute. As the Chief Justice
made no ruling upon the point except to refuse to rule, as matter
of law, that Steele was owner, we cannot revise his conclusion.
It is enough to say with regard to the ruling refused that it does
not appear what evidence the Chief Justice believed to be true.
In this state of the case it is unnecessary to consider what would
constitute a man an owner so far that notice to him would be
good. But it is pretty plain under our decisions, however it
may be elsewhere, that, as against holders of mortgages from
O'Brien, Steele cannot have been such an owner. *Peabody* v.
*Eastern Methodist Society*, 5 Allen, 540, 542. *Hayes* v. *Fessen-
den*, 106 Mass. 228, 231.

An argument was made to show that O'Brien was the purchaser of the materials. This also is answered by the fact that both the Chief Justice, and, it would seem, the jury, found the other way. In view of the petitioner's theory that O'Brien was Steele's instrument, coupled with the undoubted fact that Steele was the person who purported to make the contract, we do not see how the finding could have been different.

O'Brien and Steele filed confessions of judgment, and it is argued that this was a waiver of the notice required by the statute. But, as we already have intimated, the respondent Reed is entitled to stand in the shoes of the owner as the latter stood at the date of the mortgages which Reed holds. The owner cannot waive the requirement which gave them priority when they were taken. *Ellenwood* v. *Burgess*, 144 Mass. 534, 541. See *Gale* v. *Blaikie*, 126 Mass. 274 ; *Amidon* v. *Benjamin*, 126 Mass. 276, 277.

If O'Brien was owner and Steele bought on his own behalf, nothing short of notice will give the lien as against Reed, and on the findings the requests numbered 2 and 5 properly were refused.*

Nothing else seems to need consideration in the view which we take of the case. It is not necessary to decide whether the lien can be enforced against a part of the original tract, lot 26 having been freed by foreclosure of a prior mortgage, as we have stated, and there being no evidence to distinguish the materials furnished to the several parts. See *Stevens* v. *Lincoln*, 114 Mass. 476 ; *Batchelder* v. *Hutchinson*, 161 Mass. 462, 468 ; *Whalen* v. *Collins*, 164 Mass. 146.

*Exceptions overruled.*

---

* These requests were as follows :

" 2. It is sufficient to satisfy the provisions of the statute, and to enable the petitioner to maintain his lien, if Steele, before making his contract with the petitioner, had O'Brien's general permission to act in his name and behalf in any matter or manner necessary in regard to the land and buildings in question. . . .

" 5. It is sufficient to satisfy the provisions of the statute, and to enable the petitioner to maintain his lien, if Steele had general authority to make contracts for the development of this land, and under this general authority made this particular contract for materials with the petitioner."