WELCH *v.* HUMPHREY

[No. 201, October Term, 1951.]

412

*Decided July 15, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Bernard J. Gallagher,* with whom was *John W. Mitchell* on the brief, for the appellant.

*Samuel Gordon,* with whom was *Marvin E. Perlis* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Ciurt.

This suit in equity was brought by James I. Humphrey, trading as Humphrey and Quigg, to annul 28 claims of mechanics' liens filed by Jo Welch, trading as Washington Plumbing and Heating Equipment, against 28 houses

in a subdivision known as University Hills in Prince George's County. Complainant had employed Alex Green, trading as Service Engineering Company, to furnish and install the plumbing and heating work in 135 houses being built by complainant in his new development, and Green contracted to purchase the boilers and convectors therefor from claimant. Green paid for the boilers and convectors for 45 houses, but failed to pay for the 28 boilers and 168 convectors for the 28 houses in controversy.

Our Mechanics' Lien Law provides that every building erected and every building repaired, rebuilt or improved to the extent of one-fourth its value in any of the counties shall be subject to a lien for the payment of all debts contracted for work done and materials furnished for or about the same. Code Supp. 1947, art. 63, sec. 1; *House v. Fissell*, 188 Md. 160, 51 A. 2d 669; *Harrison v. Stouffer*, 193 Md. 46, 65 A. 2d 895. Every such claim shall set forth: (1) the name of the claimant and the owner of the building, and also the name of the contractor, architect or builder, if the contract was made with such person; (2) the amount or sum claimed to be due, and the nature or kind of work, or the kind and amount of materials furnished, and the time when the materials were furnished or the work done; and (3) the locality of the building, and the number and size of the stories of the same, or such other matters of description as may be necessary to identify the same. Code 1939, art. 63, sec. 19.

Claimant filed her 28 claims aggregating $9,227.68 on May 11, 1951. Each claim was for $329.56 for the boiler and convectors which she furnished for each house in furtherance of the contract between complainant and Green.

The statute directs that proceedings to recover the amount of any lien shall be by bill in equity, and the same proceedings shall be had as used by the courts of equity to enforce other liens, and the court shall decree a sale and appoint a trustee to make sale thereof and

shall apportion the proceeds of such sale among the persons entitled to liens according to their respective rights. Code 1939, art 63, sec. 24. It was agreed by stipulation of counsel in the Court below that the instant suit should be treated as if it were a suit brought by claimant to enforce her liens. Claimant has appealed here from a decree declaring the 28 claims void.

Complainant does not deny that the boilers and convectors were furnished by claimant. But he contends that her notice of intention to claim mechanics' liens was insufficient. The statute provides that if the contract for furnishing the work or materials has been made with any person except the owner of the lot on which the building may be erected, or his agent, the person doing the work or furnishing the materials shall not be entitled to a lien "unless, within sixty days after furnishing the same, he or his agent shall give notice in writing to such owner or agent, if resident within the city or county, of his intention to claim such lien." Code 1939, art. 63, sec. 11; *Bounds v. Nuttle,* 181 Md. 400, 30 A. 2d 263.

It has always been held in Maryland that if the notice is given to the owner of the property before the lien claim is filed, it should definitely state the intention of the claimant to claim the lien, and also fully and specifically state the particulars of the claim and the nature and kind of work done or materials furnished, the time when done or furnished, and the amount of the claim. *Hess v. Poultney,* 10 Md. 257; *Thomas v. Barber,* 10 Md. 380; *Trustees of German Lutheran Evangelical St. Matthew's Congregation v. Heise,* 44 Md. 453; *Dugan v. Howard,* 130 Md. 114, 118, 99 A. 966.

Claimant's notice, sent by her attorney to complainant on February 12, 1951, failed to state the particulars of her claim, the time when the materials were furnished, and the amount of her claim. It also failed to designate the particular houses in which the materials were installed. Her notice read as follows: "Notice is hereby given you that Washington Plumbing & Heating Equip-

ment has furnished to Alex Green, trading as Service Engineering Company, certain boilers and convectors, and other materials, which has been installed in buildings being erected by you in University Hills, Prince George's County, Maryland. These boilers, convectors and other materials have not been paid for to date. This notice is sent to you preliminary to filing mechanics' liens."

The first Mechanics' Lien Law in Maryland, enacted by the Legislature in March, 1839, authorized liens of mechanics and others on buildings erected within the City of Baltimore. Laws 1838, ch. 205. That Act contained a *proviso* that if the contract for furnishing the work or materials was made with any person except the owner of the lot upon which the building may be erected, or his agent, the person doing the work or furnishing the materials should not be entitled to a lien "unless within thirty days after making such contract to furnish work or materials, he shall give notice in writing to such owner or his agent, if resident within the city or county of Baltimore, of the same, and that he intends to claim the benefit of the lien hereby given."

The next Act, passed in February, 1846, made the law applicable to Carroll, Baltimore and Harford Counties in addition to the City of Baltimore. Laws 1845, ch. 176. That Act required that the notice should be given within sixty days after furnishing the work or materials.

In 1856 the Court of Appeals held in *Hess v. Poultney,* 10 Md. 257, 268, that the notice to the owner must definitely state the claimant's intention to claim the benefit of the lien, and that the omission of such a statement in the notice is a fatal defect. However, while the notice should unequivocally disclose the claimant's intention to claim a lien, a notice may be sufficient although it does not contain the word "intention." *Fulton v. Parlett,* 104 Md. 62, 66, 64 A. 58.

In 1857 the Court held in *Thomas v. Barber,* 10 Md. 380, 390, 391, that a notice which merely states an intention to claim a lien for work done or materials furnished in the construction of a building, but does not

state the nature and kind of materials, or the amount claimed, is not a sufficient notice under the statute. The Court said that the requirement that such a notice shall be given as will render the law practically useful to the owner imposes no hardship upon a materialman or mechanic, while it secures to an owner what the Legislature evidently intended for his benefit.

First, claimant contends that the Act of 1845 required the person who intends to claim a lien to give the owner notice of two things, the furnishing of the work or materials and the intention to claim a lien, but that the Legislature of 1860 eliminated the first requirement and left only the requirement of notice of intention to claim a lien.

The change in phraseology, upon which claimant relies, was made by Otho Scott and Hiram McCullough, who prepared the Code of 1860. The Constitutional Convention of 1851 had requested the Legislature to appoint two commissioners to revise and codify the laws of the State. Md. Constitution, 1851, art. 3, sec. 17. The statutes embracing all the legislation from the time of the settlement of Colony of Maryland were scattered through more than forty volumes, and on account of the multitude of repeals and re-enactments it was difficult to find the law. In 1853 the Legislature, in compliance with the mandate of the State Constitution, appointed the two commissioners to codify the laws. Laws 1853, ch. 421. It was not until 1860 that they presented their two volumes to the Legislature. The Legislature adopted the Code "in lieu of and as a substitute for all the Public General Laws and the Public Local Laws, heretofore passed by the Legislature of Maryland." Laws 1860, ch. 1.

Chapter 176 of the Laws of 1847 contains the following language: "* * * unless within sixty days after furnishing such work or materials, or both, as the case may be, he, she or they, or his, her or their agent, shall give notice of the same in writing to such owner or owners, or agent, if resident within the city or county

of Baltimore, and of his, her or their intention to claim the benefit of the lien hereby given."

The language of the *proviso*, as revised by Mr. Scott and Mr. McCullough and included in Article 61, Section 11, of the 1860 Code, is as follows: "* * * unless, within sixty days after furnishing the same, he or they, or his or their agent, shall give notice in writing to such owner or owners, or agents, if resident within the city or county, of his or their intention to claim such lien."

It is observed that the codifiers omitted the words "of the same" and also the word "and." There were also some other changes in the phraseology, evidently for the purpose of brevity, such as the change from "intention to claim the benefit of the lien hereby given" to "intention to claim such lien."

It is true that a codification of previously enacted legislation, eliminating repealed laws and systematically arranging the laws by subject matter, becomes an official Code when adopted by the Legislature, and, since it constitutes the latest expression of the legislative will, it controls over all previous expressions on the subject, if the Legislature so provides. However, the principal function of a Code is to reorganize the statutes and state them in simpler form. Consequently any changes made in them by a Code are presumed to be for the purpose of clarity rather than change of meaning. Therefore, even a change in the phraseology of a statute by a codification thereof will not ordinarily modify the law, unless the change is so radical and material that the intention of the Legislature to modify the law appears unmistakably from the language of the Code. *Welsh v. Kuntz,* 196 Md. 86, 97, 75 A. 2d 343, 347.

Of course, we do not undertake to make a conjecture as to why the codifiers eliminated the words "of the same" and the word "and." But one plausible explanation is that they thought those words were surplusage. In any event, we cannot accept the contention that the Legislature, in adopting the two volumes of the Code in one brief Act, intended to make a drastic change in the

Mechanics' Lien Law by abrogating the decisions of the Court of Appeals demanding that the preliminary notice to the property owner must be full and specific.

Our view is fortified by the general understanding of the bench and bar and the accepted practice in this State. This was the understanding of Mr. John P. Poe, the author of the standard Maryland work on Pleading and Practice, which has been published in five successive editions. Mr. Poe was a special authority on the subject of codification, because he himself prepared the Code of 1888, the Code of 1903, the bulk of which was destoryed in the Baltimore fire, and the Code of 1904.

On the subject of the indispensable requirements of the preliminary notice of intention to claim a mechanics' lien, Mr. Poe wrote: "The notice to the owner must state the intention of the claimant to claim the lien; and if this statement be omitted, the notice will be fatally defective. * * * It should also specify the nature or kind of the work or materials furnished, and the time when done or furnished, together with the amount or sum due; and the omission of any of these particulars will, in like manner, be fatal to the notice." 2 *Poe, Pleading and Practice, Tiffany's* Ed., sec. 738.

The fifth edition of Mr. Poe's work was edited by Mr. Herbert T. Tiffany, another able legal scholar, in 1925. Mr. Tiffany likewise accepted the various requirements as they were laid down by the Court of Appeals. It is significant that in the face of the Court's decisions and their restatement in five editions of *Mr. Poe's* work on *Pleading* and *Practice,* no Act has ever been passed by the Legislature since the adoption of the Code of 1860 to change the effect of these decisions.

Secondly, claimant contends that, even if the decisions of the Court of Appeals were not abrogated by the 1860 Code, it would have been superfluous to include the required particulars in her notice to complainant. She says that, when Green failed to pay her for the boilers and convectors for the 28 houses, she arranged for a conference with Green and complainant on January

20, 1951. She says that at the conference she informed complainant how much Green owed her. She says that complainant asserted that he had already paid Green more than he was entitled to for his work, and that he would not pay him any more, but would only pay his employees and the other materialmen for materials necessary to complete the houses. She accordingly contends that complainant was fully aware that the boilers and convectors had been installed in the 28 houses; that she informed him at the conference how much was due her; and that he calculated that he would have about $4,500 remaining when the work was completed, and he would pay her that amount.

Complainant, on the contrary, flatly denies that claimant informed him at the conference exactly how much she claimed. He says that claimant and Green had not yet reached an agreement as to the exact amount. He also denies that he was given complete particulars of the materials furnished by claimant.

There have been decisions that the preliminary notice may be waived by the owner, since the notice is required by the statute merely for the owner's benefit. *Janvrin v. Powers,* 79 N. H. 44, 104 A. 252; *Morehart v. A. B. Beeler Lumber Co.,* 176 Ark. 818, 4 S. W. 2d 29. However, the court will not hold that the notice has been waived unless the waiver has been clearly and unequivocally expressed by the owner. See *Richards v. O' Brien,* 173 Mass. 332, 53 N. E. 858.

The mere fact that claimant conferred with the owner before giving him the required notice in writing did not relieve her from the obligation of stating the particulars of her claim in the notice. The decree annulling her claims must therefore be affirmed.

*Decree affirmed, with costs.*