## STATE OF MARYLAND *v.* DAVID EDWARD WARD

[No. 759, September Term, 1975.]

*Decided March 31, 1976.*

The cause was argued before ORTH, C. J., and POWERS and LOWE, JJ.

*Gilbert H. Robinette, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County* and *Ronald G. Scheraga, Assistant State's Attorney for Montgomery County* on the brief, for appellant.

*Burt M. Kahn, Assigned Public Defender,* with whom were *Kaplan, Smith, Joseph, Greenwald & Laake* on the brief, for appellee.

ORTH, C. J., delivered the opinion of the Court.

A decade ago the General Assembly, recognizing the considerable discrepancy in imposing punishment upon conviction of criminal offenses, appreciating the need for reasonable uniformity in sentencing practices, and aware of the problems arising from sentence disparity,[1] enacted legislation to alleviate the situation. Chapter 288, Acts 1966, by legislative direction to be implemented by appropriate rules of procedure promulgated by the Court of Appeals, established a procedure for review of criminal sentences. As subsequently amended the statute is now codified as Art. 27, §§ 645JA-645JG [2] and is implemented by Maryland Rule 762. The appeal before us presents a question basic to this procedure — when can it be invoked? Although the question was raised and decided below, and briefed and argued on appeal, we may not answer it. We are obliged to leave the bench, prosecutors, defense counsel and those persons most directly affected — convicts under sentence, in a quandary. We have no authority to entertain the appeal. We must

---

1. See Report of The Governor's Commission to Study Sentencing in Criminal Cases (1965) pp. 1-12.

2. The statute was originally codified as §§ 132-138 of Art. 26. They were transferred and renumbered by ch. 2, Acts 1973, 1st Sp. Sess.

dismiss it without consideration of the merits of the substantial question posed.

The appeal travelled this path to us. On 9 May 1974, in the Circuit Court for Montgomery County, David Edward Ward made a judicial confession by way of a plea of guilty to the first count of the indictment returned against him, which presented that on 3 October 1973, in the daytime, he unlawfully broke a dwelling house with intent to steal the personal goods of another. The plea was accepted by McAuliffe, J., who then found Ward guilty of the offense. On 6 September 1974, upon receipt of a pre-sentence investigation report, sentence was imposed. Ward was committed to the jurisdiction of the Division of Corrections for three years. The execution of the sentence was suspended, and he was placed on probation for three years under the usual general conditions with special conditions specified.[3] On 17 March 1975 the State filed a petition alleging that Ward had violated the terms of his probation contract by leaving his residence and employment without the consent of the probation agent, which was prohibited by general condition 6, and by failing to make restitution as required by special condition 2. On 22 April 1975, upon motion by the State and order of the court, another allegation was added to the petition, namely, that on 4 April 1975 in the Circuit Court for Montgomery County, Ward had been convicted of attempting to break a storehouse on 30 January 1975 and sentenced to one year. On 22 April 1975 the petition was heard in the Circuit Court for Montgomery County, McAuliffe, J. presiding. Ward was found to have violated the conditions of the probation. Probation was revoked, and the suspension of the execution of the sentence was stricken. Ward was remanded to the custody of the Division of Corrections to serve the three year sentence imposed on 6 September 1974. On 24 April 1975 he filed a petition for a review of the sentence, and a three judge review panel was appointed. Code, Art. 27, § 645JA. The

---

**3.** Upon the imposition of sentence the State entered a *nolle prosequi* to counts 2 through 6 of the indictment which charged related offenses.

petition was heard by the panel on 3 July 1975. On 8 July the members of the panel issued an order declaring that it was their unanimous opinion, concurred in by McAuliffe, J.,[4] that the sentence imposed on 6 September 1974 for a term of three years remain unchanged. The order continued:

> "After serving eighteen (18) months accounting from April 22, 1975, which shall be served in the Montgomery County Detention Center, execution of the balance of the sentence is suspended and the defendant may be released on supervised probation, which shall include all of the special conditions imposed by Judge McAuliffe on said September 6, 1974."

On 28 July 1975 the State noted an appeal in these terms: "The Clerk of the Court will please note an appeal of the review of sentence in the above-captioned case on behalf of the State of Maryland to the Court of Special Appeals."

Ward's brief includes a motion to dismiss the appeal. Maryland Rule 1036, § d. The motion asserts that the appeal "is not permitted or allowed by law. . . ." Rule 1035, § b 1.

Ward claims that there is no right of appeal from an order of a sentence review panel. We so concluded in *Glass v. State*, 24 Md. App. 76, 79 (1974):

> "The appellate jurisdiction of the Court of Special Appeals of Maryland is bestowed by legislative enactment. The statutes provide no right of appeal to that Court by a person from an order of a sentence review panel nor is an appeal from such an order designated to be within its appellate jurisdiction. Under Courts Art. § 12-301 '. . . a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited,

---

4. Section 645JA of Art. 27 provides: "[N]otwithstanding any rule of the Court of Appeals to the contrary, the judge who sentenced the convicted person shall not be one of the members of the panel, but if he so desires he may sit with the panel in an advisory capacity only."

statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law.' A sentence review panel is not a court. ' "Circuit court" means the circuit court for a county . . .' and the courts of the Supreme Bench of Baltimore City. Courts Art. § 12-101 (d). The right of appeal from the order of a sentence review panel is clearly not within the contemplation of Courts Art. § 12-301. Courts Art. § 12-308 specifically designates those actions, cases, causes, suits or proceedings with respect to which the Court of Special Appeals of Maryland has exclusive initial appellate jurisdiction. Proceedings before a sentence review panel is not among them." (footnotes omitted)

See *Johnson v. State*, 274 Md. 29, 42, n. 7 (1975). Thus, no person has the right to appeal from the action taken by a sentence review panel with respect to the sentence reviewed.[5]

As we have indicated, the appeal here was noted by the State. The general statutory provision of Courts Art. § 12-301 that a party may appeal from a final judgment entered in a civil or criminal case by a circuit court is limited. Former Code, Art. 5, § 14, provided: "The State may appeal to the Court of Special Appeals from a final order or judgment granting a motion to dismiss, or quashing or dismissing any indictment, information, presentment or inquisition in a criminal action. . . ." The section was repealed by Acts 1973, 1st Sp. Sess. ch. 2, § 2, effective 1 January 1974, upon revision of the Code, but according to the Revisor's Note, Courts Art. § 12-302 (c), which replaced it, is essentially the language of Art. 5, § 14. Section 12-302 (c) reads: "In a criminal case, the state may appeal only from a final judgment granting a motion to dismiss or quashing or dismissing any indictment, information, presentment, or inquisition in a criminal case." Whether the revised statute

---

5. We note that Art. 27, § 645JA provides that "no person shall have the right to have any sentence reviewed more than once pursuant to this section."

makes any substantive change or not, but see *Welch v. Humphrey*, 200 Md. 410, 417 (1952), it is manifest that the right of the State to appeal in the case *sub judice* is not authorized by either the former statute or the present statute. But see Ch. 49, Acts 1976, effective 1 July 1976 and to be construed "only prospectively", codified as Courts Art. § 12-302 (c) (2), authorizing the State to appeal from a final judgment if the State alleges that the trial judge failed to impose the sentence specifically mandated by the code.

Although the statutory limitation of the right of the State to appeal in a criminal case has been further limited by judicial interpretation, see *Lohss and Sprenkle v. State*, 272 Md. 113 (1974), there is a recognized exception to the limitation. Two recent cases of the Court of Appeals, *State ex rel. Sonner v. Shearin*, 272 Md. 502 (1974) and *State v. Wooten*, 277 Md. 114 (1976), make clear that the State may appeal to the Court of Special Appeals [6] from the denial by a trial court of a motion by the State to correct a sentence alleged to be illegal and imposed upon conviction of a crime committed prior to 1 January 1974.[7] *Shearin* decided, and *Wooten* confirmed, that the holding in *State v. Fisher*, 204 Md. 307 (1954), considered in the light of the language used in *Liquor Board v. Handelman*, 212 Md. 152 (1957) and the subsequent holding in *State v. Jacob*, 234 Md. 452 (1964) was authority for an appeal by the State from the imposition of

---

6. In each of *Shearin* and *Wooten* the appeal by the State was before the Court of Appeals by way of certiorari to the Court of Special Appeals where the appeal was originally filed. It necessarily follows, we believe, that the Court of Appeals thought that the appeals, for the reasons it expressed in *Shearin* in finding that the State had the right to appeal, were properly before the Court of Special Appeals. Were the appeals not properly before the Court of Special Appeals, they would not have been properly before the Court of Appeals on certiorari and would have been subject to dismissal rather than to consideration on the merits.

7. As indicated, *supra*, 1 January 1974 was the date Courts Art. § 12-302 (c) became effective as the revision of the repealed Code, Art. 5, § 14. In both *Shearin* and *Wooten*, the crime was committed prior to that date, so they were decided in the light of Art. 5, § 14. In each case, therefore, the Court was not obliged to interpret § 12-302 (c) as it may apply to the right of the State to appeal from an illegal sentence and expressly did not do so. *Shearin* at 526, n. 6; *Wooten* at 116.

In *Shearin* there was also a petition by the State's Attorney for a writ of mandamus directed to the trial judge to compel revision of the sentence. The Court of Appeals found it unnecessary to decide the issue presented by the petition for the writ of mandamus. 272 Md. at 504-505 and 519-520.

an illegal sentence since "the issue of the trial court's jurisdiction is involved in the sense of whether it exceeded the powers vested in it by prescribing a penalty contrary to law. A lower court which thus exceeds its power must be bridled by a court of last resort. Were it otherwise, mandates of the General Assembly could be defied with impunity and the only protection of the public would be the torturous process of judicial removal which would not have the effect of correcting the specific error." 272 Md. at 526.

The question at this point in our consideration is whether the appeal by the State here is with respect to a sentence claimed to be illegal. We first observe that although the panel did not change the term of 3 years imposed by the trial court it did change the sentence as reinstated upon the finding by the trial court that Ward had violated his probation contract. The sentence imposed upon conviction and reinstated by the revocation of probation and the striking of the suspension of execution was that Ward be committed to the jurisdiction of the Division of Corrections for 3 years. The panel modified this by specifying that after serving 18 months in the Montgomery County Detention Center, the balance of the 3 year sentence was to be suspended and Ward was to be released on supervised probation, including all the special conditions specified by the trial court when granting probation when sentence was originally imposed. The sentence as changed by the panel was not illegal on its face. It did not exceed the sentence authorized for the crime of which Ward was convicted, Code, Art. 27, § 30 (b), and it was within the powers of the panel, Code, Art. 27, § 645JC.[8]

---

8. Code, Art. 27, § 645JC provides, *inter alia:*

"[T]he panel shall consider each application for review and shall have the power, with or without holding a hearing, to order a different sentence to be imposed or served, including, by way of illustration and not by way of limitation, an increased or decreased sentence, or a suspended sentence to be served in whole or in part, or a sentence to be suspended with or without probation, upon such terms and conditions as the panel may deem just and which could lawfully have been imposed by the sentencing court at the time of the imposition of the sentence under review, or the panel may decide that the sentence under review should stand unchanged; ... If the panel orders any different sentence, the panel shall resentence and notify the convicted person in accordance with the order of the panel."

The sentence would be illegal, however, if the panel had no jurisdiction to review the sentence originally imposed. It is whether the panel had jurisdiction to review that the State seeks to have us decide. It is the issue which goes to the merits of the State's appeal.

When the hearing before the review panel commenced, defense counsel raised the question of the panel's jurisdiction. He said that he was "not certain whether the [panel] has jurisdiction to hear this. I don't know." He looked to the panel for the answer. The Assistant State's Attorney told the panel that he was prepared to argue the matter of jurisdiction. The Chairman of the panel interjected: "We don't have any problem with jurisdiction." The prosecutor contended that the panel did not have jurisdiction. It was his position, as we understand his argument, that sentence was imposed on 6 September 1974 and that the application for review was not timely because Md. Rule 762, § b 2 requires that the application be made "not later than thirty days after the imposition of sentence." The panel did not see it that way. The Chairman said: "We don't agree." [9] A short time later he said: "The purport is clear now is the time to give him that review." The hearing proceeded. Ward testified and counsel argued. After a "short recess", the panel announced its decision which was as reflected in the order later signed.

Ward's claim that the State has not alleged that the sentence of the panel was illegal is correct. At the time the panel announced its sentence the State interposed no objection and did not indicate in any way that it believed the sentence was illegal. As far as the record before us discloses,

---

**9.** At this point a member of the panel commented, according to the transcript of the proceedings submitted to us: "The obvious import of this statute was to avoid the sentence review in every case where it was suspended. If it were not for that, every time someone got ten years and suspended they would come up on a sentence review and simply delay the sentence review to such time the man is actually incarcerated." Art. 27, § 645JA provides: "[E]very person convicted of a crime after July 1, 1966, by any trial court of this State and sentenced to serve, with or without suspension, a total of more than two (2) years imprisonment in any penal or correctional institution in this State, or sentenced to death, shall be entitled to have the sentence reviewed. . . ."

the State thereafter took no action to set aside or correct the sentence on the ground that it was illegal, although Md. Rule 764, § a, provides that " [t]he court may correct an illegal sentence at any time." All it did was to file a line noting "an appeal of the review of sentence . . .", and to give a bare citation of *Shearin* under "Points and Authorities" for the appeal. Even if this be deemed to be an attempt to appeal with respect to an illegal sentence, it is not sufficient to bring the appeal within the exception recognized and applied in *Shearin* and *Wooten*. The "court" which is authorized by Md. Rule 764, § a to correct an illegal sentence at any time is the trial court. Md. Rule 5, § i.[10] The Court of Appeals said in *Roberts v. Warden*, 206 Md. 246, 255 (1955): "[I]f [a trial] court refuses to strike out [an illegal] sentence, its refusal . . . constitute[s] action which is appealable to this Court. *Madison v. State*, 205 Md. 425; *Duker v. State*, 162 Md. 546, 549; *Miller v. State*, 135 Md. 379, 382; *Dutton v. State*, 123 Md. 373." In both *Shearin* and *Wooten* the appeal entertained was from the denial of the trial court of a motion to correct an illegal sentence. *Shearin* at 507; *Wooten* at 115. In *Shearin* the Court held that the appeal was timely taken because it was filed within 30 days of the denial by the trial court of the State's request for correction of the allegedly illegal sentence, although not within 30 days of the imposition of that sentence. 272 Md. at 521. We believe, therefore, that the right of the State to appeal with respect to an illegal sentence stems, not from the sentence itself, but from the denial of a properly made motion to strike the sentence. The legality *vel non* of the sentence determines whether the motion was properly denied. But it is the denial of the motion which constitutes the final judgment from

---

**10.** Md. Rule 5, § i reads: " 'Court' means the Circuit Court for any county, the Superior Court of Baltimore City, the Court of Common Pleas of Baltimore City, the Baltimore City Court, the Circuit Court of Baltimore, and the Circuit Court No. 2 of Baltimore City, Criminal Court of Baltimore, but not the Supreme Bench of Baltimore City or the District Court except as expressly otherwise provided, or may result from necessary implication. The word 'court' shall include a court of law and a court of equity." We said in Glass v. State, *supra*, at 79, in the context of the right to appeal from an order of a sentence review panel that "[a] sentence review panel is not a court."

which an appeal by the State lies. An appeal before such motion is denied is premature. The short of it is that because there was no denial here of a motion properly made by the State to strike a sentence alleged by the State to be illegal, the appeal is not properly before us. Ward's motion to dismiss the appeal must be granted.

We observe that we may no longer invoke Md. Rule 1071, as we have at propitious times in the past, in the interests of justice and judicial expediency, to rule on the substantive issue here presented. The Court of Appeals in *Eastgate Associates v. Apper*, 276 Md. 698 (1976), renounced the practice it had theretofore permitted by its *Dackman v. Dackman*, 252 Md. 331, 336 (1969) under its Rule 871 and followed by us in *Beckward v. Hensel*, 20 Md. App. 544, 556, *rev'd on other grounds*, 273 Md. 426 (1974); *Stitzel v. Kurz*, 18 Md. App. 525, 540, *cert. denied*, 269 Md. 755, 761 (1973). And see with respect to Rules 885, *Blocher v. Harlow*, 268 Md. 571, 585 (1973). *Eastgate* made clear that there shall be no assumption of appellate jurisdiction in the absence of an appealable order. The Court said: "To the extent that the above-cited cases support an assumption of appellate jurisdiction in the absence of an appealable order, they are disapproved."

> *Motion to dismiss appeal granted; costs to be paid by Montgomery County; mandate to issue forthwith.*